ENGEL and others, Respondents, vs. DUNN COUNTY, Appellant.

*May 2—June 5, 1956.*

For the appellant there was a brief and oral argument by *C. M. Meisner,* district attorney.

For the respondents there was a brief by *Willis E. Donley,* and oral argument by *Robert F. Muza,* both of Menomonie.

BROWN, J.   Appellant contends that the evidence does not sustain findings that the blasting caused the damage to plaintiffs' properties.   The evidence is that when the explosions occurred the buildings in question shook and trembled, articles fell from shelves or hooks, occupants of the premises felt the vibrations, windowpanes broke, cracks shortly appeared in walls, and the fastenings of sheathing or paneling were loosened.   The plaintiffs had an expert witness who was the former county surveyor of Dunn county and the city engineer of Menomonie, now employed in Minneapolis.   He was experienced in highway and mining operations and the dynamiting which accompanies them and was familiar with the area where the blasting was done.   He testified that the force of the explosions caused the damage of which the plaintiffs complained.

The defendant relied almost exclusively upon the testimony of its expert, an engineer from Chicago, who is a specialist in seismology, in which he measures the force of explosions with instruments designed for that purpose.   He testified that he set up his instruments in the houses of the plaintiffs. Then blasts were set off in the quarry using dynamite charges of the same size as those used at the time when plaintiffs claimed they had sustained their damage.   This expert's qualifications were impressive and his testimony was lengthy and extremely technical.   From these tests he concluded and testified that the earth waves caused by the blasts were insufficient to produce the damages complained of.   He acknowl-

edged that the explosions might have caused the small objects to dance and vibrate from concussion or resonancy but said that those forces would not cause the structural damage. The explosions of which the plaintiffs complain occurred in November, December, and January of 1952–1953. Appellant's tests were made in September of 1955 and reproduced as nearly as possible the conditions under which the original explosions took place. The expert testified that the admitted variations were immaterial to the validity of his conclusions.

Appellant contends that the testimony of its expert is unimpeached and it was error for the trial court to disregard it. We do not know what is meant by the term "unimpeached." The expert on the other side certainly disagreed with it. Both experts were experienced in the field of explosions. Appellant's expert relied on certain experiments in which he had confidence and he concluded that blasting did not cause the damage in question. Respondents' expert, relying on experience and his familiarity with the area involved, reached the opposite conclusion. Appellant does not deny that plaintiffs' witness was qualified to give expert testimony but submits that its own expert is a better one. The contention is a good example of the theory that an expert is a witness from a distant city and the greater the distance the greater the expert. However, courts pay so little attention to the theory that it cannot be said to be established as a principle of law. The principle that is universally accepted is that the trier of the fact is the judge of the credibility of the witness and the weight to be given to his testimony. *Gordon v. Gordon* (1955), 270 Wis. 332, 340, 71 N. W. (2d) 386. Under this principle it is not too much to say that the better expert is the one whose view is adopted by the trial court. This matter is not entirely dependent on expert conclusions, either. The trial court was informed that the original blasting took place in November, December,

and January when presumably the condition of the ground was different than it was in September when the tests were made, and the September explosions were at a somewhat greater distance from the buildings than the earlier ones had been. It also had the testimony of lay eyewitnesses who observed vibrations sufficiently strong to break windows and displace small objects. We do not think the inference is unreasonable that such vibrations, admittedly caused by the blasts, were strong enough to loosen fastenings and cause cracks when frequently repeated over a two or three-month period. The finding that the explosions caused the damage is not against the great weight and clear preponderance of the evidence and, therefore, is not to be disturbed. *Gordon v. Gordon, supra,* at page 339.

Appellant submits that the trial court applied the wrong measure of damages. The court based its award on the cost of repairs, as testified to by contractors engaged in such work. There was no other evidence on the subject. Appellant contends that the correct rule places damages as the cost of repairs or the diminution in value of the injured structure, whichever is smaller, citing *Hickman v. Wellauer* (1919), 169 Wis. 18, 171 N. W. 635. The rule is correctly stated when, as in the *Hickman Case,* both factors are in evidence. But appellant infers that it was respondents' burden to produce evidence of diminution of value as well as cost of repairs, so that the trial court might choose the lesser. Respondents did not have that burden. If appellant was dissatisfied with damages based on cost of repairs it might show, if such was the fact, that diminution of value was a smaller sum. The absence of such evidence does not render evidence of cost of repairs insufficient to support a finding of damage in that amount. There was a similar situation in *Mueller R. E. & I. Co. v. Cohen* (1914), 158 Wis. 461, 465, 149 N. W. 154, when we said:

"This state of evidence furnished the circuit court but one basis on which to calculate the damages, namely, the cost of repairs. We cannot say that the conclusion of the court on this question is against the clear preponderance of the evidence."

This decision was followed in *Zindell v. Central Mut. Ins. Co.* (1936), 222 Wis. 575, 583, 584, 269 N. W. 327. We see no reason to depart from the precedent.

*By the Court.*—Judgments affirmed.