Hazel H. WENTWORTH, Appellant,

v.

AIR LINE PILOTS ASSOCIATION, a corporation, and The Chesapeake & Potomac Telephone Company, Inc., a corporation, Appellees.

No. 8452.

District of Columbia Court of Appeals.

Argued Feb. 18, 1975.

Decided April 14, 1975.

Henry H. Brylawski, Washington, D. C., for appellant.

David J. Hensler, Washington, D.C., with whom Corbin Crews, Washington, D.

C., was on the brief, for appellee Air Line Pilots Assn.

James Brent Clarke, Jr., Washington, D.C., for appellee Chesapeake & Potomac Telephone Co., Inc.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

Appellant, the owner of a building, sued Air Line Pilots Association and the Chesapeake & Potomac Telephone Co. for damages allegedly suffered when a nearby excavation by one, or both, of the appellees negligently caused the foundation of her building to shift and the walls to crack. At the close of appellant's proof, the court directed a verdict of one cent (1¢) in favor of appellant, finding that appellant had failed to make any showing of actual damages. We affirm the judgment.

■ Appellant pleaded in her complaint and insisted at trial and in this court that the correct measure of damages was the cost of restoring the property to its condition prior to the cracking. Appellant urges that she made out a prima facie case by submitting evidence that it would have cost approximately $9,000 to restore her building to its condition before the cracking. Without making the repairs, however, she sold the building to a buyer who was interested in the property notwithstanding the condition of the building, inasmuch as the buyer intended to raze the building and use the land for a parking lot. Under these circumstances, appellant did not, nor would she ever, incur any expense for restoring the property. The court held that under the circumstances appellant was required to demonstrate some diminution in the value of the property caused by the cracking. Appellant then moved to reopen the case in order to show such diminution, proffering that she would take the stand and testify that her "asking price" for the building prior to the cracking was approximately $42,000 [1] more than what she actually received from the sale of the building after the cracking. The court denied her motion. Appellant claims that the direction of a verdict awarding only nominal damages (the equivalent of no damages, Buden v. Dombrouskas, 147 Conn. 728, 166 A.2d 157 (1960)) was error and that denial of her motion to reopen the case was an abuse of discretion.

■ In a case of this sort, the question of choosing an appropriate measure of damages has not been decided in this jurisdiction. We look to the neighboring jurisdiction of Maryland for a well-stated rule. In Sainato v. Potter, 222 Md. 263, 159 A. 2d 632, 636 (1960), it was said:

The general rule in Maryland for the measure of damages for injuries to real property is that where the damaged property can be restored to the condition it was in prior to the injury, without cost disproportionate to the actual injury, the cost of such restoration is the measure of damages; but where that is impracticable, then the difference between the value of the property before and after the injury is the correct measure. . . .

See also Mullan v. Hacker, 187 Md. 261, 49 A.2d 640 (1946). And see also Dalton v.

---

1. We note as did the trial court that appellant's asking price for the property did not necessarily bear any legally significant relationship to the fair market value of the uncracked building, and therefore would not have been a meaningful basis of comparison with its fair market value after the cracking.

"Ordinarily, by 'fair market value' is ment the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all the uses to which the property is adapted and might in reason be applied." In re Lehigh & Wilkes-Barre Coal Co.'s Assessment, 298 Pa. 294, 300, 148 A. 301, 303 (1929). [Dempsey v. Stauffer, 312 F.2d 360, 365 (3d Cir. 1962).]
See also State v. Rowley, 74 Wash.2d 328, 444 P.2d 695, 698 (1968).
Many a price may be "asked" which no one will pay.

Demos Brothers General Contractors, 334 Mass. 377, 135 N.E.2d 646 (1956); Kirst v. Clarkson Construction Co., 395 S.W.2d 487 (Mo.1965); Zaras v. City of Findlay, 112 OhioApp. 367, 176 N.E.2d 451 (1960), for statements of the rule substantially in accord with that of Maryland. *See generally* Annot., 36 A.L.R.2d 1253 (1954), and Later Case Service. We adopt the general rule as above stated.[2]

The narrow question now before us is whether sale of the unrepaired damaged property prior to suit prevented appellant from using the cost of restoration as a measure of damages and necessitated instead that she demonstrate a diminution in the value of the property because of the injury. We hold the latter to be the proper measure of damages.

Two Louisiana cases have directly faced this question. In Kotteman Furniture Co. v. McLellan, 2 So.2d 485 (La.App.1941), the court held that ordinarily plaintiff would have been entitled to recover for the cost of restoring its automobile to its condition before defendant damaged it (even if such cost of restoration exceeded the pre-damage value of the car), but, because plaintiff sold the automobile, plaintiff's recovery was limited to the diminution in value of the car caused by the damages.

In Maryland Casualty Co. v. Rittiner, 133 So.2d 172 (La.App.1961), a homeowner's house was damaged when neighboring builders caused a flash fire which spread to the homeowner's building. The homeowner's subrogated insurer, Maryland Casualty Co., which had paid the owner $9,000, sued for indemnification in this amount, but was awarded only $7,000. A competent general contractor had testifed that the cost of restoring the house would be $9,000. The damaged house, however, was sold for $11,500, and, since its fair market value prior to being damaged was $18,500, the court fixed recoverable dam-

ages at $7,000, the diminution in the value of the property attributable to the fire. Maryland Casualty Co. appealed from the amount of the award. In affirming, the court of appeals, citing *Kotteman Furniture Co., supra,* stated at 175 of 133 So.2d:

> Ordinarily, the obligation of one who has damaged another's property, is to restore it to its former condition, regardless of market value. Had Plaintiff's insured elected to repair the structure, there could be no question of Defendants' obligation to pay for the reasonable cost of repairs; but since the insured sold the damaged structure, he could not expect to recover from Defendants any more than the difference between the value before the fire and the amount received for it in its damaged condition.

We recognize that these Louisiana cases state as the general rule in that jurisdiction that a plaintiff ordinarily is entitled to recover the cost of restoration even if such cost exceeds the value of the property prior to the damage. (Obviously, this rule provides for greater resort to the cost of restoration measure than does the general rule we here adopt—that the cost of restoration is proper only so long as it does not exceed the *diminution in value* caused by the injury.) Nevertheless, the Louisiana court forbade resort to the cost of restoration subsequent to the sale of the property.

■ We find this to be a logical approach, since subsequent to sale the plaintiff is in no position to restore the property to its pre-damage condition. Such a holding presents no bar to a plaintiff's suing, post-sale, for the diminution in value caused by the damage. The holding also finds support in the Maryland rule, which approves use of the cost of restoration measure where such restoration is not impracticable. In the instant case, restora-

2. We take care to emphasize, however, that the appropriateness of a measure of damages may often depend on the facts of a given case.

*See* Annot., 36 A.L.R.2d 1253, 1254–55 (1954).

tion by the appellant was no longer possible due to the sale.

To summarize, we hold that subsequent to sale of property allegedly damaged, the owner of the property at the time it is damaged who sells the property without having restored it cannot measure the loss by what it would have cost to restore the property to its pre-damaged condition; rather, the measure is one of diminution in value.

We next turn to the question of whether the trial court abused its discretion in denying appellant's motion to reopen the trial in order that she might offer proof that the injury diminished the value of her property. Appellant urges that a reopening simply would have added one hour to a five-day trial. In light of appellant's opportunity to have presented evidence of diminution in value and especially in light of her proffer (*see* note 1, *supra*), we find no abuse of discretion.

Accordingly, the nominal judgment in favor of appellant is

Affirmed.