**Alan BALDWIN, d/b/a Alan Baldwin, Builder, Appellant,**

v.

**The CALCASIEU LUMBER COMPANY, Appellee.**

**No. 12904.**

Court of Civil Appeals of Texas, Austin.

Oct. 3, 1979.

C. Robert Dorsett, Austin, for appellant.

Charlie D. Dye, Scott R. Kidd, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

SHANNON, Justice.

Appellee, Calcasieu Lumber Company, sued appellant, Alan Baldwin, doing business as Alan Baldwin, Builder, in the district court of Travis County on a sworn account. Appellee asserted that it had furnished appellant "goods, wares, merchandise, and services" in the total sum of $5,067.26. In a counterclaim, appellant pleaded, in effect, that appellee had agreed for consideration to fabricate certain trusses and to supervise appellant's installation of these trusses in appellant's construction project. The trusses failed, and appellant pleaded that appellee did not design and fabricate the trusses as it represented. Appellant pleaded that appellee's omissions constituted: (1) a violation of the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.41 *et seq.;* (2) a breach of an implied warranty of merchantability; and (3) a breach of an implied warranty of fitness for a particular purpose.

After trial to a jury, the district court entered judgment for appellee for $749.23 and attorneys' fees of $1,500.00. We will affirm the judgment.

Because the court did not submit a special issue respecting appellant's liability on the sworn account and in view of the judgment entered, appellant's liability on the sworn account may be viewed as having been established as a matter of law. The court submitted appellant's counterclaim against appellee by an issue inquiring whether appellee failed to fabricate the truss system in a good and workmanlike manner. The jury answered that issue affirmatively. The jury found in special issue three that the reasonable cost of materials and labor to place the truss system in a good and workmanlike condition was $4,318.03. The jury answered that a reasonable attorneys' fee for appellee for prosecuting its claim against appellant was $1,500.00.

The district court offset the undisputed amount of the sworn account by the sum found in special issue number three, and entered judgment for appellee for $749.23 in addition to attorneys' fees. By entry of the judgment, the district court obviously was of the view that appellant had failed to make out a case under the Deceptive Trade Practice—Consumer Protection Act.

Appellant filed no statement of facts.

Appellant complains of the judgment by two points of error, claiming that the jury's finding that the truss system was not fabricated in a good and workmanlike manner established a deceptive trade practice as a matter of law thereby entitling him to treble damages and attorneys' fees. We will overrule the points and affirm the judgment. The reasons for the affirmance are set out below.

According to appellant's brief, "[t]he truss system in issue in the instant case was fabricated by Calco [appellee] from Calco materials according to specifications that were designed by Calco. As such, the truss system is both a 'good' purchased for use from Calco by Baldwin and a 'service' provided by Calco to Baldwin." Appellant pleaded that the sale of the truss system occurred in "September or October, 1975."

■ To recover under the Deceptive Trade Practices Act, it was appellant's burden, *inter alia*, to prove that he was a "consumer" as that term is used in the Act. From September 1, 1975, through May 23, 1977, the following definitions are found in § 17.45 of the Act:

(4) " 'Consumer' means an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services."

(1) " 'Goods' means tangible chattels or real property purchased or leased for use."

(2) " 'Services' means work, labor, or service purchased or leased for use, *for other than commercial or business use*, including services furnished in connection with the sale or repair of goods." (Emphasis added).

"There is an important distinction between the definition of 'goods' and that of 'services' which was not changed by the [1975] amendments. A service is not a service under the Consumer Protection Act unless it is 'for other than commercial or business use.' The only restriction is that the good must be purchased or leased 'for use.' The exclusion of commercial services from the coverage of the Act is not consistent with the redefinition of 'consumer' to include business entities. Obviously, there is no logical difference between a deceptive transaction involving goods and one involving services. Yet, the Act does not draw this distinction and, barring subsequent amendments, it would appear that the businessman deceived in the purchase or lease of services must still rely solely on common law remedies." Bragg, *Now We're All Consumers! The 1975 Amendments to the Consumer Protection Act,* 28 Baylor L.Rev. 1, 5 (1976).[1]

---

1. Effective May 23, 1977, the phrase "for other than commercial or business use" was omitted from the definition of "services."

■ At all times material to the case at bar, appellant may have been a "consumer" as to "goods" purchased from appellee, but he could not have been, by definition, a "consumer" as to "services" purchased from appellee. In a hybrid purchase involving goods and services, it would seem that it is a party's burden to differentiate between the "goods" that he bought for which he could recover as a "consumer" under the Act and the "services" performed by one for which the party was relegated to his common law remedies. Without a statement of facts, it is not possible, of course, for this Court to determine whether appellant discharged that burden. We surely cannot conclude, under these circumstances, that appellant was entitled, *as a matter of law,* to recover treble damages and attorneys' fees under the Deceptive Trade Practices Act.

■ In his pleadings and prayer, appellant sought recovery, among other things, for breach of implied warranty. The answers of the jury and the judgment of the district court are consistent with that theory of recovery, and without a statement of facts we are in no position to conclude that the judgment was erroneous.

The judgment is affirmed.