Joseph **GREENE** et ux., Ann Greene, Appellants,

v.

**BEARDEN ENTERPRISES, INC.**, Appellee.

No. 18227.

Court of Civil Appeals of Texas, Fort Worth.

April 10, 1980.

Rehearing Denied May 8, 1980.

Atkins & McLarty, and Bill Atkins, Arlington, for appellants.

Hill, Heard & Oneal, and Frank Hill, Arlington, for appellee.

## OPINION

SPURLOCK, Justice.

This is a construction contract case. A contractor sued for the cost of certain "extras" in addition to the contract price for the construction and purchase of a triplex. The purchasers counterclaimed seeking damages for defects in workmanship and deviations from the plans and specifications of the contract. The main question presented for review is whether the remedi-

al cost is a proper measure of damages in view of the fact that the purchasers sold the triplex to a third party before the trial of this case without remedying the defects.

We reverse and remand.

In November, 1975, Joseph Greene and wife contracted with a builder, Bearden Enterprises, Inc. (Bearden), for the construction and purchase of a three unit townhouse or triplex. Bearden owned the land upon which the triplex was built. Plans and specifications were drawn and construction began in May, 1976. During construction the parties verbally agreed to additions and changes in the plans. Construction was completed in October, 1976 and the sale of the triplex was closed on October 29, 1976. The Greenes tendered and Bearden accepted payment of the original contract price at the time of closing.

On the day of closing the Greenes discovered the roof of the triplex leaked and damaged carpeting therein. Thereafter they discovered other defects in workmanship and deviations from the plans and specifications. Bearden attempted to remedy some of the defects. However, the Greenes were not satisfied and made complaints to various agencies.

In response, Bearden made demand for the cost of the "extras". It sued the Greenes for these costs. The Greenes counterclaimed for damages resulting from the defects and deviations and sought treble damages under the Texas Deceptive Trade Practices Act *. The case was tried to a jury. By answers to the special issues the jury found that the Greenes had agreed to pay for the cost of certain "extras" and had accepted additional labor and materials in an amount totaling $1,898.89. It found the cost of remedying the defects and damages for the failure to remedy the leaking roof to be $2,965.00. The jury also found that a reasonable attorney's fee for legal services rendered to each party through the trial of the case was $2,000.00.

* Tex.Bus. & Comm. Code Ann. Sec. 17.01, et seq., (1968), hereinafter referred to as the Act.

The trial court granted Bearden's motion to disregard the jury findings favorable to the Greenes. The court rendered judgment that Bearden recover $1,898.89 plus interest and $4,000.00 attorney's fees with $1,000.00 credit to the Greenes had there been no appeal to this court and a like credit in the event there is no appeal to the Supreme Court of Texas. The trial court also rendered judgment that the Greenes take nothing on their counterclaim. The trial court concluded that the Greenes' sale of the triplex before trial, without remedying the defects, made proof of the remedial cost an inappropriate measure of damages.

On appeal the Greenes claim that proof of remedial cost is not an erroneous measure of damages. They contend the trial court erred in denying them recovery because the trial court erred in concluding that remedial cost was an inappropriate measure of damages. Thus the issue is what measure of damages is proper under the facts of this case.

The Greenes' counterclaim against Bearden was for breach of a construction contract. Restatement of Contracts Sec. 346 (1932) states that where the contractor breaches the contract because of defective or unfinished construction the nonbreaching party may recover:

"(i) the reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or

"(ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste." Sec. 346 at 573.

■ In our opinion Texas law follows the Restatement. A plaintiff is entitled to recover for breach of a construction contract the lesser of reasonable cost of remedying the defects or deviations from the contract, or the difference in value of the structure contracted for and the value of the structure in its defective condition. Whether the remedial cost or difference in value is the proper measure of damages depends on the facts and circumstances of the particular case.

■ In most circumstances the main factors to be considered are the physical and economic feasibility of correcting defects or bringing the structure into compliance with the contract. Where the correction of defects and deviations would impair the entire structure or require the expenditure of sums in excess of the value of the structure, the correct measure of damages is the difference in the value of the structure as constructed and its value had it been constructed without defects or deviations. *Hutson v. Chambless*, 157 Tex. 193, 300 S.W.2d 943 (1957). Where the correction of defects and deviations would not impair the structure as a whole, the remedial cost is an appropriate measure of damages. *Rogowicz v. Taylor and Gray, Inc.*, 498 S.W.2d 352 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.); *Drury v. Reeves*, 539 S.W.2d 390 (Tex.Civ.App.—Austin 1976, no writ).

■ After reviewing the record in this case, it appears that correction of the defects and deviations in the triplex would not impair the structure as a whole, and would amount to only a small fraction of the value of the structure. It is our opinion that application of the remedial cost measure of damages would have been proper. Because the Greenes sold the triplex before trial without remedying the defects, the difference in value measure of damages may have been more appropriate. However, we conclude that they are entitled to recover the remedial cost.

Applying the general rule Greenes are entitled to the remedial cost or difference in value, whichever is less. Thus, as we view this case, the Greenes had an election of which measure to plead and prove. They could have elected to plead and prove both measures of damages, but they chose the measure which they expected to afford them the greatest recovery. In this regard

this case is similar to *Engel v. Dunn County*, 273 Wis. 218, 77 N.W.2d 408 (1956). The issue in *Engel* was whether the plaintiffs in that case had the burden to plead both cost of repair and diminution in market value to enable the court to award the lesser of the two sums. The Supreme Court of Wisconsin held that the plaintiff had no such burden. The court held that if the defendant was dissatisfied with the damages based on the cost of repairs, it might show, if such was the case, that the diminution in market value was a smaller sum. The court further decided that the absence of evidence of diminution in value did not render evidence of the cost of repair insufficient to support an award of damages. In our opinion the Supreme Court of Wisconsin has correctly stated the rule which is followed in Texas.

As applied in our case, the Greenes elected to use the remedial cost measure of damages. If Bearden was dissatisfied with the remedial cost measure of damages it had the duty to show there was no difference in the value of the triplex as contracted for and as received, or that the difference was less than the remedial cost. We note that Bearden established that the contract price was $65,000 and inquired about what the selling price was when the Greenes sold the triplex. The trial court sustained the Greenes' objection to this inquiry. Bearden has not assigned the trial court's action as error, or in any other manner attempted to prove there was no difference in value or that any difference was less than the remedial cost.

Supporting the trial court's conclusion that the Greenes could not recover the remedial cost because they had sold the triplex before trial, thus assuming repairs would never in fact be made, Bearden cites *Wentworth v. Air Line Pilots Association*, 336 A.2d 542 (D.C.App., 1975). In *Wentworth*, the owner of a building sued for damage to the foundation caused by nearby excavation. Evidence was presented of the cost to restore the structure to its condition before the cracking. Without making repairs the owner sold the building to one planning to demolish it to use the land as a parking lot. The court held that under the circumstances the plaintiff was required to demonstrate some diminution in the value of the property caused by the cracking, and that because no evidence of diminution in value was presented, the plaintiff had failed to show any actual damages. The court noted that the plaintiff was obviously in no position to restore the property having sold it. In this out-of-state case the court concluded that where restoration is impractical, diminution in value is the only proper measure of damages.

In our case Bearden claims that because the remedial cost measure of damages was inapplicable, the Greenes have failed to prove any damages. It would have us follow the rationale of *Wentworth*. This we decline to do. We disagree with the decision in *Wentworth* that the plaintiff in that case failed to establish any actual damages. As applied to our case, it is our opinion that the Greenes established actual damages when they proved there were defects and deviations. What is in dispute in this case is not whether the construction contract was breached or whether actual damages were shown, but what measure or measures of the *amount* of recovery for those damages is applicable.

We note that in *Wentworth* the foundation of the house was cracked. Although there is nothing in the court's opinion concerning whether repair would impair the structure, it is readily foreseeable that repair of the foundation of the structure would not be feasible. In any event, under the facts of our case we hold that the remedial cost measure of damages was proper.

■ Bearden places great emphasis on the fact that the Greenes sold the triplex before trial and thus it appears that no repairs will actually be made. We are not troubled by this fact because even if the Greenes were still the owners of the triplex, there is no requirement recognized that they spend any recovery they may receive to make the repairs. For all the reasons above we sustain points of error numbers 1 and 2. Having made this determination it

is unnecessary for us to discuss point of error number 4. However, we have considered it and it is overruled.

The Greenes contend they are entitled to treble the remedial cost, plus court costs and attorney's fees under the Act. Bearden claims the Greenes are not consumers under the Act as it existed at the time of the alleged violations. As authority for its contention Bearden cites *Baldwin v. Calcasieu Lumber Co.*, 588 S.W.2d 659 (Tex.Civ.App. —Austin 1979, no writ). There the court construed the Act as it existed at the times material in our case. The court held that to recover the plaintiff had to prove that he was a consumer. The court stated:

"From September 1, 1975, through May 23, 1977, the following definitions are found in § 17.45 of the Act:

"(4) ' "Consumer" means an individual, partnership, or corporation who seeks or acquires by purchase or lease, any goods or services.'

"(1) ' "Goods" means tangible chattels or real property purchased or leased for use.'

"(2) ' "Services" means work, labor, or service purchased or leased for use, *for other than commercial or business use*, including services furnished in connection with the sale or repair of goods.' (Emphasis added)."

588 S.W.2d 659, 660, citing Tex.Bus. & Comm. Code Ann. Sec. 17.45 (Supp. 1980).

The court recognized that under these definitions one could be a consumer of goods without being a consumer of services. As applied to our case, it is undisputed that shortly after the Greenes bought the triplex, portions of it were leased. By reason thereof we hold that at least portions of the services rendered by Bearden were for commercial or business purposes. The court in *Baldwin* held that in such a hybrid situation, where the alleged violator provided both goods and services in the same transaction, the plaintiff has the burden to differentiate between the goods and services to show of which he was a consumer under the Act. As to the services of which he was not a consumer, the plaintiff is limited to common law remedies. We agree with this analysis and must determine what recovery under the Act the Greenes have shown themselves entitled, through differentiation between goods and services.

The trial court submitted the Greenes' theory of recovery in special issues nos. 4, 5, and 6. They are as follows:

"*SPECIAL ISSUE NO. 4*:

"Do you find from a preponderance of the evidence that Bearden Enterprises, Inc. failed to build the triplex in question according to the plans and specifications and agreements of the parties, and in a good and workmanlike manner, in the following particulars:

"For each item listed below answer 'Yes' or 'No' in the space provided, and find from a preponderance of the evidence the reasonable and necessary remedial cost, if any, of such items to which you have answered 'Yes' and place in the space provided.

| | " 'Yes' or 'No' | If 'Yes,' Amount |
|---|---|---|
| "(a) In the grade or application of paint | Yes | $2000.00 |
| "(b) In the grade or installation of trim (Including door frames and cabinet fur-down | Yes | 800.00 |
| "(c) In the kind and quality of plumbing fixtures | Yes | 50.00 |
| "(d) In the grading of the yard | NO | " |

"*SPECIAL ISSUE NO. 5*:

"Do you find from a preponderance of the evidence that the Bearden Enterprises, Inc. failed to remedy the problem with the water soaked carpet in a good and workmanlike manner?

"Answer 'It did so fail' or 'It did not so fail'.

"ANSWER: *It did so fail*

"If you have answered 'It did so fail', then answer the following:

"*SPECIAL ISSUE NO. 6*:

"What do you find from a preponderance of the evidence to be the reasonable cost of the measures necessary to remedy the problem of such water soaked carpet?

"Answer in dollars and cents, or none.

"ANSWER: *$115.00*."

■ It is clear from the method of submission of this case that the Greenes have fallen short of differentiating between goods and services. Further, there appears no differentiation between services compensable under the Act and those rendered for commercial or business purposes. The Greenes have not assigned the method of submission of this case as error. They have failed to show themselves as consumers under the Act with one exception. We note that by its answer to special issue no. 4(c) the jury found that Bearden failed to construct the triplex according to the plans in the kind and quality of plumbing fixtures used. As this obviously refers to goods rather than services, we hold that the Greenes are entitled to recover treble the amount of the remedial cost found by the jury, $50.00. Only to the extent noted do we sustain point of error no. 3.

■ In connection with its claim under the Act, the Greenes contend the trial court erred in failing to award them attorney's fees. Having decided that the Greenes are entitled to recover under the Act, they are entitled to recover a reasonable attorneys' fee. We therefore sustain point of error no. 9 and remand the issue of attorney's fees to the trial court for a determination of what amount of attorneys' fees should be awarded.

■ By point of error no. 5 the Greenes attack the trial court's judgment against them for the cost of the "extras" to the construction contract. They contend that Bearden's claim is barred by the Statute of Frauds. Here it is clear that the contract to provide the "extras" was fully performed except that payment had not been made. It is well settled that an agreement which has been performed is not within the Statute of Frauds. 26 Tex.Jur.2d *Frauds, Statute of* Sec. 102 (1961). Thus we overrule this point of error.

■ By points of error nos. 6 and 7 the Greenes claim that, by closing the real estate transaction and by Bearden's acceptance of the contract price for the triplex, there was an accord and satisfaction of the contract of sale. They also contend Bearden is estopped from asserting its claim for the cost of the "extras". Considering these points we note that no issue on accord and satisfaction or estoppel was submitted to the jury. Thus as we view points of error nos. 6 and 7, the question presented is whether accord and satisfaction and/or estoppel have been established as a matter of law. After a thorough review of the record we conclude that neither accord and satisfaction nor estoppel has been shown as a matter of law. We overrule these points of error.

■ The Greenes' final complaint is that the trial court erred in awarding Bearden attorney's fees. In view of our holdings in this case, we agree. Where a contractor sues the owner on a contract, which has no provision for attorney's fees, and recovers an amount less than the owner recovers on a counterclaim, the contractor is not entitled to recover attorney's fees under Tex. Rev.Civ.Stat.Ann. art. 2226 (Supp. 1980); *L Q Motor Inns, Inc. v. Boysen*, 503 S.W.2d 411 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.). We sustain point of error no. 8.

Bearden presents three points styled "Cross-points". After considering them we conclude they are in fact reply points of error and present nothing which would vitiate the trial court's judgment, nor affect our opinion in this case. They are overruled.

In summary the Greenes are entitled to recover from Bearden $2,915.00 in remedial costs, $150.00 treble damages and a reasonable attorney's fee under the Act, plus interest from the date of the trial court's judgment in this case. Bearden is entitled to $1,898.89, the cost of the "extras" as provided in the trial court's judgment, plus interest. However, it is not entitled to attorney's fees. We therefore reverse the judgment of the trial court and remand this case to the trial court for a determination of the amount of attorney's fees to which the Greenes are entitled, an assessment of costs in the trial court, and the rendition of a judgment in accordance with this opinion

allowing Bearden an offset for the cost of the "extras" from the judgment to which the Greenes are entitled.

So ordered.