**SEABURY HOMES, INC., Appellant,**

v.

**Lonnie D. BURLESON, et ux., Sheryl Burleson, Appellees.**

No. 2–84–171–CV.

Court of Appeals of Texas,
Fort Worth.

April 25, 1985.

Fillmore, Purtle & Spurgers, Stephen Briley, Wichita Falls, for appellant.

Clayton Kramer, Wichita Falls, for appellees.

JORDAN, ASHWORTH and JOE SPURLOCK, II.

## OPINION

JOE SPURLOCK, II, Justice.

The appellant, Seabury Homes, Inc., appeals from a judgment in a deceptive trade practices case awarding damages to appellees, Lonnie Burleson and his wife Sheryl. Based upon the jury's verdict on special issues, the trial court entered judgment against Seabury for $6,000 ($2,000 in damages trebled) and $15,000 in attorney's fees. Seabury has raised four points of error; the Burlesons have responded with two cross-points. Alleging that the questions on appeal are based upon legal issues only, the appellant has omitted a statement of facts in accordance with TEX.R.CIV.P. 371. The appellees did not furnish a statements of facts.

We affirm.

In its first point of error, Seabury complains that the court erred in entering judgment for damages for the $2,000 cost to repair the Burleson's home, when Seabury had proved and received a jury finding that one measure of the Burleson's damages was zero. Seabury's point of error two is that the court erred in overruling Seabury's motion for judgment based on the same jury verdict of zero damages. In point of error three, Seabury argues that the court erred in awarding the Burleson's their attorney's fees as those fees are not recoverable where actual damages are zero. In point of error four, Seabury argues that awarding judgment for attorney's fees in the amount of $15,000 is excessive where the amount of damages awarded by the court was only $2,000, trebled.

The Burleson's allege in their cross-points that the trial court erred in overruling their motion for judgment for damages of $1,500 ($500 jury verdict trebled) for Sheryl Burleson's past mental anguish. In their cross-point number two, they allege the trial court erred in overruling their motion for judgment for damages in the amount of $9,360 ($3,120 jury verdict trebled), in lieu of the judgment of $6,000 ($2,000 trebled), because the trial court selected the wrong alternative measure of damages found by the jury upon which to base the judgment.

This case arose from the purchase by the Burlesons of a new home constructed by Seabury. In reviewing the Burleson's petition on file, it is apparent that they purchased the home relying upon certain representations of the builder. After the purchase of the home, difficulty arose concerning the construction of the home and repairs necessary to the home. Not receiving adequate satisfaction concerning the repairs, the Burlesons timely filed this lawsuit and the matter was submitted to the jury upon special issues. The question on appeal is to decide what legal effect to give to the jury's answers to the special issues.

The key special issues answered by the jury upon which the court based its judgment are paraphrased as follows:

1) Did Seabury Homes expressly warrant to the Burlesons that the house had been built in a skillful, workmanlike manner?

   Answer: Yes.

2) Was the home constructed in a skillful, workmanlike manner?

   Answer: No.

3) Was the failure to build the home in a skillful, workmanlike manner a producing cause of:

   a) economic loss to the Burlesons?

   Answer: Yes.

   b) physical pain suffered by the Burlesons?

   Answer: No.

   c) mental anguish suffered by any of the Burlesons?

   Answer: Yes.

4) Did Seabury Homes expressly warrant the home was suitable for habitation?

   Answer: Yes.

5) Was the home suitable for habitation?

   Answer: Yes.

6) Did Seabury Homes represent that the house was of a particular standard, quality or grade when it was of a lesser degree?

Answer: Yes.

7) Was that representation a producing cause of:

a) economic loss of the Burlesons?

Answer: No.

b) physical pain suffered by the Burlesons?

Answer: No.

c) mental anguish suffered by any of the Burlesons?

Answer: Yes.

8) Did Seabury Homes promise to cure any defects in material or workmanship in the home for one year?

Answer: Yes.

9) Did Seabury Homes fail to cure a defect or defects in material or workmanship within such a year?

Answer: Yes.

10) Was such a failure a producing cause, if any, of the following:

a) economic loss suffered by the Burlesons?

Answer: Yes.

b) physical pain, if any, suffered by the Burlesons?

Answer: No.

c) mental anguish, if any, suffered by the Burlesons?

Answer: Yes.

In the above answers, the jury found that Seabury had warranted that the house was built in a skillful and workmanlike manner, but had in fact failed to do so. This failure was a producing cause of some economic loss and some mental anguish suffered by the Burlesons. Although the jury found the home was suitable for human habitation, they nevertheless found that Seabury promised to cure any defects in materials or workmanship within one year's period of time, but had failed to do so. This failure likewise resulted in economic loss to and mental anguish suffered by the Burlesons. The jury also found the Burlesons suffered some mental anguish because of the misrepresentation about the standard, quality or grade of the home. The jury did not find the Burlesons suffered any physical pain.

Based upon their findings of some economic loss and some mental anguish, the jury answered the following special issues asking about the amount of damages suffered by the Burlesons. Those issues are paraphrased as follows:

What amount of money, using the following measures of damage, would fairly compensate the Burlesons for their economic loss, if any, which they suffered as a result of the representations, breaches of warranty or failures of Seabury which were a producing cause of such loss:

1) The difference between the value of the residence as it stood at the time of purchase and *its value at the time of purchase* if it had been constructed in a good and workmanlike manner and in accordance with the plans and specifications?

Answer: Zero.

2) The difference between the value of the residence as it stood at the time of trial, and *its value at time of trial* if it had been constructed in a good and workmanlike manner and in accordance with the plans and specifications?

Answer: $3,120.

3) What amount of money now paid in cash would compensate the Burlesons for their economic loss, if any, with respect to any necessary repairs, if any?

Answer: $2,000.

■ In its point of error number one, Seabury argues that the trial court selected the wrong measure of damages in granting judgment in this case. The court awarded damages based upon the answer of the jury regarding the cost of repairs of $2,000. Seabury argues that the court should have selected "zero" damages, and that it based its trial tactics on, and relies in this case on appeal on, the rule of law announced in the case of *Greene v. Bearden Enterprises, Inc.,* 598 S.W.2d 649

(Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.). The particular language from *Greene* is as follows:

> A plaintiff is entitled to recover for breach of a construction contract the *lesser* of reasonable cost of remedying the defects or deviations from the contract, or the difference in the value of the structure contracted for and the value of the structure in its defective condition.

*Id.* at 652 (emphasis supplied).

Further, Seabury relies on this language: "If [the builder] was dissatisfied with the remedial cost measure of damages [alleged against it] it had the duty to show there was no difference in the value of the [building] as contracted for and as received, or that the difference was less than the remedial cost." *Id.* at 653. Seabury argues it complied with this duty and proved to the jury and received a verdict that any difference in value at the time of purchase was zero. Seabury insists that we must apply the lesser value (zero) in awarding damages as *Greene* mandates this. We do agree that *Greene* correctly states Texas common law on construction contracts, but believe that the holding in *Greene* is not applicable in this particular case.

■ On first analysis there appears to be a conflict between the jury's two findings of "zero" dimunition in the value of the home as of the date of purchase and "$2,000" cost to repair. However, without a statement of facts we cannot consider any question of sufficiency of the evidence, or the like. The rule in a cause submitted on special issues, is that the trial court must reconcile apparent conflicts in the jury's findings where reasonably possible, in light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole. *Perkins v. Mitchell,* 153 Tex. 368, 268 S.W.2d 907, 909 (1954); *Ford v. Carpenter,* 147 Tex. 477, 216 S.W.2d 558, 562 (1949). We note that the entire charge must be considered by the court to reconcile the findings. *Vouras v. 3525 Turtle Creek, Inc.,* 369 S.W.2d 819,

822 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.).

As there is no statement of facts before us, we have no authority nor burden to determine the sufficiency of the evidence to support any of the jury's findings or the court's action thereon. It follows therefore, that without a statement of facts, the reconciliation of the apparent conflict in the jury's findings must be based upon logic and reason. From the judgment granted, it is apparent the trial court reconciled these findings. We believe there is in fact no conflict between the lesser of the two measures of damage (zero or $2000), and no choosing of the "lesser amount" of damages needs to be made as required by the rule in *Greene.*

In the case on appeal, we have the jury finding no diminished value of purchase at the time of purchase. Another way of stating the lack of any diminished value of purchase is to state that the Burlesons got the value they bargained for on purchase of the property. What we have here is a failure to comply, after purchase, by Seabury with its promise to cure any defects in material or workmanship (damages measured as "necessary repairs"). After Seabury failed to perform its obligation, this suit was filed and the jury verdict rendered. The measure of damages for this breach is the value of the repairs which became apparent as defects appeared. The "zero" loss of value of purchase is not to be compared with the later cost of repairs. This case therefore is distinguishable from *Greene* on its facts, and does not require that we otherwise distinguish *Greene* nor any other cases cited by Seabury in its brief.

We find the trial court was not required to choose between "zero" and "$2000" because the answers were based upon different considerations. The jury verdict of "zero damages" means that the Burlesons got the benefit of their bargain on purchase. The "$2,000 cost to repair", is the measure of damages due to breach of the promise to repair. Each jury answer can therefore be given effect without there be-

ing a conflict and further no question exists of which one to choose. The trial court did not commit error in awarding judgment for the $2,000 in damages. Accordingly we overrule Seabury's points of error one and two.

■ Having found that the trial court correctly awarded recovery for damages to the Burlesons, we also overrule Seabury's point of error number three complaining of the award of any attorney's fees. *See* Deceptive Trade Practices—Consumer Protection Act (DTPA) TEX.BUS. & COM.CODE ANN. sec. 17.50(d) (Vernon Supp.1985).

■ Seabury contends in its point of error number four that the award of $15,000 as attorney's fees is nevertheless excessive where the court only awarded judgment for $2,000 in damages, trebled to $6,000. We disagree. We note at the outset that no motion for remittitur was filed by Seabury and accordingly the trial court did not reduce the amount of the jury's award of $15,000 and this court will not either, having no statement of facts upon which to determine the evidence supporting the jury's award.

We find that it was the trial court's ministerial duty to render judgment upon the jury's finding, and we find that such an award is not excessive. *See Jack Roach Ford v. De Urdanavia,* 659 S.W.2d 725 (Tex.App.—Houston [14th Dist.] 1983, no writ) *and see Tate v. Wiggins,* 583 S.W.2d 640, 644 (Tex.Civ.App.—Waco 1979, no writ). Accordingly, we overrule Seabury's fourth point of error.

The Burlesons in their cross-points of error complain of action by the trial court taken upon evidentiary matters. They complain the court improperly disregarded two answers of the jury in awarding the Burlesons judgment only for the repair cost. Seabury did not reply by brief to these cross-points. The court did not grant judgment based on the jury's verdict of the $500 in mental anguish damages suffered by Sheryl Burleson, or the $3,120 damages in loss of value of the residence at time of trial. The Burlesons' arguments, while interesting, and which could lead to a major

analysis of DTPA cases if considered, are of no avail. We have no statement of facts to review the evidence the jury considered in answering the special issues.

Both parties moved for judgment. Seabury asked the court to disregard the finding of damages for physical pain and mental anguish because there was no evidence any of the Burlesons suffered physical injury or pain. The Burlesons argue on appeal that the effect of the jury's other answers is to supply the missing element of "knowing conduct", which can support the award of damages for mental anguish in DTPA cases where physical injury or pain is absent. *See Miller v. Dickenson,* 677 S.W.2d 253 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); and *North Star Dodge Sales, Inc. v. Luna,* 672 S.W.2d 304 (Tex.App.—San Antonio 1984, writ dism'd). They asked the court for judgment on this amount.

The Burlesons also asked the court for judgment on the finding of loss of value of the home at time of trial of $3,120, and complain of the court's failure to do so. The court made no ruling on any motion of either party. However, the trial court obviously disregarded the two answers of the jury for it did not award any damages for mental anguish nor the damage for loss of value of the home at time of trial.

■ The trial court's disregarding of jury findings may only be sustained where there is no evidence of probative force to support such findings. *Overstreet v. Gibson Product Co., Inc., Etc.,* 558 S.W.2d 58 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.). The burden is on the appellant, *or other party seeking review,* to see that a sufficient record is presented to show error requiring reversal. TEX.R. CIV.P. 413. The absence of a statement of facts in the present case makes it impossible for this court to review the evidence. In a case where there are jury findings to special issues, and the court disregards certain findings, but no statement of facts is brought forward, it will be presumed on appeal that there was no evidence of proba-

tive force to support those findings the court disregarded, but that sufficient evidence was introduced to support the other findings of the jury, and the judgment based thereon. For analogous reasoning *see Catlett v. Catlett,* 630 S.W.2d 478 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.); *Texas Emp. Com'n. v. Bell Helicopter Intern.,* 627 S.W.2d 524 (Tex.Civ.App.—Fort Worth 1982, writ ref'd n.r.e.) and *Mays v. Pierce,* 154 Tex. 487, 281 S.W.2d 79 (1955).

Accordingly, we find the trial court did not commit error in disregarding the two jury answers, and overrule the Burlesons' cross-points of error.

The judgment is affirmed.