Motion for Rehearing Granted in Part and Overruled in Part; Supplemental
Opinion on Motion for Rehearing filed June 8, 2006









 



Motion for Rehearing Granted in Part and Overruled in
Part; Supplemental Opinion on Motion for Rehearing filed June 8, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00073-CV

____________

 

GREG HALL, AS
EXECUTOR OF THE ESTATE OF PRESTON L. HALL, Appellant

 

V.

 

HUBCO, INC., Appellee

 



 

On Appeal from the 215th
District Court

Harris County, Texas

Trial Court Cause No. 02-55739

 



 

S
U P P L E M E N T A L   O P I N I O
N   O N

M O T I O N   F O R  
R E H E A R I N G








In our initial opinion, we held that the
trial court erred in disregarding the jury=s answer to question
7 regarding market-value damages because the jury=s response to the
question was material and the record does not reflect that Hubco ever made a
motion to disregard this question.  Hubco
moved for rehearing, arguing in part that it was not required to make such a
motion and that in any case, it did so move. 
We grant Hubco=s motion for rehearing on this issue only
and now issue this opinion as a supplement to our original opinion of February
9, 2006.[1]  We overrule the remaining issues in Hubco=s motion for
rehearing.

Hubco contends that we erred in holding
that it was required to move to disregard the jury=s answer to
question 7.  Hubco argues that it
suffered no adverse ruling unless and until the trial court entered judgment
based on the jury=s response to question 7, and because the
trial court did not enter judgment on the finding, it had no legal requirement
to object.  We disagree.  As stated in our initial opinion, when, as
here, a jury question is material, the trial court may disregard the jury=s response only
pursuant to a motion to do so.  See
Tex. R. Civ. P. 301; Fire Ins.
Exch. v. Sullivan, No. 14-04-00081-CV, __ S.W.3d __, 2006 WL 278254, at *4
(Tex. App.CHouston [14th Dist.] Feb. 7, 2006, no pet.
h.); Anderson, Greenwood & Co. v. Martin, 44 S.W.3d 200, 216B17 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  Such a motion
is a jurisdictional prerequisite to the trial court=s power to
disregard a jury finding.  Olin Corp.
v. Cargo Carriers, Inc., 673 S.W.2d 211, 214 (Tex. App.CHouston [14th
Dist.] 1984, no writ).  Otherwise, the
trial court must render a judgment that conforms to all material findings.  See Tex.
R. Civ. P. 300, 301; Fire Ins. Exch., 2006 WL 278254, at *4; Brown
v. Armstrong, 713 S.W.2d 725, 728B29 (Tex. App.CHouston [14th
Dist.] 1986, writ ref=d n.r.e.). 
Thus, if Hubco did not file a motion to disregard the jury=s response to
question 7, then the trial court had no authority to disregard it.








Before issuing our initial opinion, we
ordered the parties to supplement the clerk=s record to
include all post-judgment briefing regarding entry of judgment or modification
of the jury=s verdict but did not receive all such
briefing.  Thus, we were unable to
determine that Hubco had ever requested that the trial court disregard the jury=s finding on
question 7.  After we issued our opinion,
the record was supplemented again with five additional relevant post-judgment
documents.  Based on the context provided
by this new supplementation, we now conclude that Hubco made a minimally
adequate request to disregard the jury=s finding on
question 7.

Hubco originally moved to disregard only
the findings on questions 1 (regarding breach of the June agreement) and 5a
(cost to clean up the property).  The
parties extensively briefed these issues. 
Eventually, Hall argued that even if its evidence proving clean-up costs
was insufficient, it could still recover for the decrease in market value that
the jury found in question 7.  In
response, Hubco filed a memorandum of authorities entitled AAdditional
Authorities in Support of Defendant=s Motion to
Disregard Jury Findings@ that asserted the Adiminution in
value is not the measure of damages for the breach of contract claims asserted
in the case at bar.@ 
Hubco neither explained why it believed market-value damages were
inappropriate nor specifically requested that the trial court disregard the
response to question 7.  Hall then filed
a brief explaining why he believed market-value damages were appropriate in
this case.

In determining the nature of a filing, we
look to the substance of document, not merely its title.  Rush v. Barrios, 56 S.W.3d 88, 93
(Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  A>Its substance is
determined by what effect it will have on the proceeding if granted.=@  Id. (quoting Univ. of Houston v.
Elthon, 9 S.W.3d 351, 355 (Tex. App.CHouston [14th
Dist.] 1999, pet. dism=d w.o.j.)).  Though Hubco did not explicitly request that
the trial court disregard the response to question 7, its memorandum of
authorities was intended to persuade the trial court that the market damages
the jury found in question 7 were inapplicable. 
Thus, we now hold that Hubco=s memorandum of
authorities constituted an implicit request for the trial court to disregard
the jury=s response to
question 7, which gave the trial court the authority to disregard it.  See id. at 93B94 (holding that ABrief in Support
of Fee Forfeiture@ constituted a request for judgment
notwithstanding the verdict based on the brief=s substance).








We must now determine whether the trial
court erred in disregarding the response to question 7.  As we stated in our initial opinion, A[i]f repair is
feasible and does not cause economic waste, then the plaintiff may recover the
cost of repair; otherwise, the plaintiff is entitled to the decrease in market
value caused by the injury.@  See Coastal Transp. Co. v. Crown
Cent. Petroleum Corp., 136 S.W.3d 227, 235 (Tex. 2004); Samuel v. KTVU P=ship, No.
08-02-00010-CV, 2003 WL 22405384, at *1 (Tex. App.CEl Paso Oct. 22,
2003, pet. denied) (mem. op.); Jim Walter Homes, Inc. v. Gonzalez, 686
S.W.2d 715, 717 (Tex. App.CSan Antonio 1985,
writ dism=d). 
Hubco argues that our initial ruling reinstating market-value damages
gives Hall an economically wasteful windfall because A[i]t is undisputed
that the repair (clean up) costs here were less than market value.@  We reject this argument.  Because we have determined that the only
evidence of clean-up costs presented was unreliable, there is no evidence of
clean-up costs.  See Kerr-McGee Corp.
v Helton, 133 S.W.3d 245, 254 (Tex. 2004) (AIf the expert=s testimony is not
reliable, it is not evidence.@).  That the jury found clean-up costs were less
than the decrease in market value based on unreliable evidence does not mean
the result would have been the same with reliable evidence.  It is impossible to know whether, had
adequate soil samples been taken, greater levels of waste would have been
found, resulting in higher clean-up costs. 
Hubco cannot have it both waysCwe cannot
disregard the expert evidence for purposes of proving damages based on clean-up
cost but then use that evidence to show clean-up costs were less than the
decrease in market value.








Hall is entitled to recover either
clean-up costs or the decrease in market value, whichever is less.  See Coastal Transp. Co., 136
S.W.3d at 235; Samuel, 2003 WL 22405384, at *1; Jim Walter Homes,
686 S.W.2d at 717; see also Greene v. Bearden Enters., Inc., 598 S.W.2d
649, 652 (Tex. Civ. App.CFort Worth 1980, writ ref=d n.r.e.) (noting
the Ageneral rule@ that the
plaintiff is Aentitled to the remedial cost or
difference in value, whichever is less@).  Though Hall may have attempted to prove both
measures of damages, he was not required to do so.  We have found no Texas case holding that
market-value damages are not available on the basis that the plaintiff had no
evidence of clean-up or other repair costs for comparison.  The minimization of damages is a defensive
matter on which the defendant bears the burden of proof.  See Rauscher Pierce Refsnes, Inc. v. Great
Sw. Sav., F.A., 923 S.W.2d 112, 117 (Tex. App.CHouston [14th
Dist.] 1996, no writ); P.G. Lake, Inc. v. Sheffield, 438 S.W.2d 952, 956
(Tex. Civ. App.CTyler 1969, writ ref=d n.r.e.); see
also Chem. Express Carriers, Inc. v. French, 759 S.W.2d 683, 688B89 (Tex. App.CCorpus Christi
1988, writ denied) (holding that defendant has the burden to prove that repair
increased the value of the property above original value, thus reducing repair
cost damages by amount of increase in value (citing Pasadena State Bank v.
Isaac, 228 S.W.2d 127, 129 (Tex. 1950))). 
If the plaintiff proves one legitimate measure of damages and the
defendant believes an alternative measure would reduce the damages award, it is
the defendant=s burden to prove the lesser amount.[2]  See Miller v. Dickenson, 677 S.W.2d
253, 258B259  (Tex. App.CFort Worth 1984,
writ ref=d n.r.e.); Heritage
Hous. Corp. v. Ferguson, 674 S.W.2d 363, 366B67 (Tex. App.CDallas 1984, writ
ref=d n.r.e.); Jim
Walter Homes, Inc. v. Castillo, 616 S.W.2d 630, 635 (Tex. Civ. App.CCorpus Christi
1981, no writ); Greene, 598 S.W.2d at 652B53; P.G. Lake,
438 S.W.2d at 955B56. 
Hubco failed in this burden.[3]  Because the decrease in market value is a
valid damages measure and there is no evidence that cleaning up the property is
feasible and less expensive, Hall is entitled to recover market-value
damages.  Thus, as in our original
opinion, we conclude the trial court erred in disregarding the jury=s response to
question 7.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 








Motion
for Rehearing Granted in Part and Overruled in Part and Supplemental Opinion on
Motion for Rehearing filed June 8, 2006.

 

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.











[1]  In its
response to Hubco=s motion for rehearing, Hall requests that we
reconsider our conclusion that Hall=s expert
evidence of clean-up costs was unreliable and therefore insufficient.  Because we are unpersuaded that we erred in
this respect, we overrule Hall=s request.





[2]  Courts in
Tennessee, Arizona, and Wisconsin apply this rule as well.  See Conatser v. Ball, No.
M1999-00583-COA-R3-CV, 2001 WL 873457, at *12 (Tenn. Ct. App. 2001) (citing A.I.D.
Ins. Servs. v. Riley, 541 P.2d 595, 598B99
(Ariz. Ct. App. 1975), Greene, 598 S.W.2d at 653 (citing Engel),
and Engel v. Dunn County, 77 N.W.2d 408, 410 (Wis. Ct. App. 1956)).





[3]  Although Hubco=s expert criticized Hall=s expert=s damages estimate, he did not offer his own estimate.