JIM WALTER HOMES, INC., Appellant,

v.

Gary L. GEFFERT et ux. Appellees.

No. 1695.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 12, 1981.

Rehearing Denied April 23, 1981.

Charles C. Murray, Ballard Bennett, Atlas & Hall, McAllen, for appellant.

Hector Gonzalez, Sinton, Robert J. Patterson, Law Offices of Latham & Patterson, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

This is an appeal by Jim Walter Homes, Inc., defendant-appellant, from a judgment in favor of Gary L. Geffert, et ux, plaintiffs-appellees, for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.41 et seq. [hereinafter DTPA] and the Texas Consumer Credit Code, Tex.Rev.Civ. Stat.Ann. art. 5069–1.01 et seq. [hereinafter "Credit Code"]. Both the DTPA and Credit Code violations were tried to a jury. Judgment was entered in the amount of $40,-498.75. Appellant's motion for a new trial was denied conditioned upon plaintiffs' remitting $3,001.50. Plaintiffs remitted this amount and judgment was entered for $37,-497.25. Both parties appeal.

Appellant Jim Walter Homes contends on appeal that the trial court should have submitted separate issues inquiring as to whether elements such as reliance, materiality and proximate cause were present in the case. We have, on this date, in *Jim Walter Homes, Inc. v. Chapa*, 614 S.W.2d 838 (Tex.Civ.App.—Corpus Christi 1981), discussed this same contention thoroughly. For the reasons stated therein, we overrule appellant's points of error regarding this assertion.

■ Next, appellant Jim Walter Homes contends that there was either no evidence or insufficient evidence present to support the jury findings. When considering no-evidence points, we must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965). In reviewing insufficient-evidence points, we must consider all the evidence, including any evidence contrary to the trial court's judgment. *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). See also, *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.Sup.1980).

On December 6, 1977, Gary Geffert and his wife entered into a contract with defendant Jim Walter Homes. This contract provided that defendant would construct a new house on defendant's unencumbered property in Live Oak County, Texas. The cash price of the house was $20,555.00, plus a finance charge of $19,099.00, for a total sales price of $39,654.00. Defendant, in order to secure payment of the debt, required plaintiff to execute a Mechanic's Lien Contract, which, in this cause of action, is material only in that it contains representation of quality and standards of construction.

At trial, plaintiff testified that he went to Corpus Christi to look at the Jim Walter homes and while there met a salesman named Richard Rhoades. Rhoades represented that if defendant built a home for plaintiffs, the construction would conform to the standard building code and it would have anchor bolts attached to the framing of the house connecting it to the foundation.

During the trial, plaintiff called an architect from Corpus Christi as an expert witness. This witness had inspected plaintiffs' house. He testified as to the industry standards for residential construction in the South Texas area. With regard to plaintiffs' home, the witness testified that he had inspected the home and found numerous defects, including the lack of anchor bolts attached to the framing of the house. He testified as to the estimated cost of repairing the home.

The appellant Jim Walter Homes called its own expert, Nick Fernandez. Fernandez agreed that in some respects the house did not comply with the local building codes. It was for the jury to resolve any contradictions or inconsistencies in the testimony and to judge the credibility of the witnesses and the weight to be given their testimony. *Johnson v. Buck*, 540 S.W.2d 393 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). We do not pass upon the credibility of witnesses or substitute our findings for those of the trier of fact. *Burchfield v. Tanner*, 142 Tex. 404, 178

S.W.2d 681 (1944). In light of all of the testimony, and after a careful review of all of the record, we hold that the evidence, both legally and factually, was sufficient to support the jury findings. Defendant's points of error are overruled.

█ Defendant also complains of the trial court's refusal to submit special issues on whether defendant was in substantial compliance with the representations made in the Mechanic's Lien Contract that the house was to be built in a good, substantial and workmanlike manner, and whether plaintiff accepted the house in question after inspecting it or having a fair opportunity to inspect it. Issues submitted in an action under the DTPA should follow the wording of the statute as closely as possible. An inspection of the issues as submitted followed the text of the DTPA as closely as possible, with only minor alterations or deletions to conform the issues to the pleadings and evidence. We, therefore, approve of the form of submission and overrule defendant's points of error related thereto. *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931 (Tex.Sup.1980).

█ Appellant Jim Walter Homes contends that the trial court erred in rendering judgment for treble damages because defendant had no written notice of appellees' complaints before suit was filed. Section 17.50A of the DTPA provides as follows:

> "In an action brought under Section 17.50 of this subchapter, actual damages only and attorney's fees reasonable in relation to the amount of work expended and court costs may be awarded where the defendant...
>
> \* \* \* \* \* \*
>
> (2) proves that he had no written notice of the consumer's complaint before suit was filed, or that within 30 days after he was given written notice he tendered to the consumer ...."

As set out in Section 17.50A, plaintiffs can only recover their actual damages if defendant can prove that he had no written notice of the consumer's complaint before the suit was filed. In the present case, defendant pled a lack of written notice as an affirmative defense under the DTPA. Plaintiff admitted during his testimony that he had not given the defendant written notice. This testimony was uncontroverted. Since the record establishes that appellant had no written notice before the present suit was filed, plaintiffs are not entitled to treble damages. DTPA § 17.50A. Appellant's point of error seventeen is sustained. All of the remaining points of error raised by the defendant have been considered and are without merit.

That portion of the judgment dealing with the Credit Code violation is affirmed. The portion dealing with the DTPA violations is modified to allow a recovery of only actual damages and not treble damages.

█ Plaintiffs raise by cross-point the question of whether the trial court's order of remittitur was proper. After reviewing the entire record, we are of the opinion that the trial court's order of remittitur was not manifestly unjust and find that the trial court did not abuse its discretion by ordering such remittitur. *Flanigan v. Carswell,* 329 S.W.2d 902 (Tex.Sup.1959). Appellees' cross-point is overruled.

The trial court erred in awarding treble damages. The judgment is accordingly reformed so that plaintiffs recover $15,165.75, with interest on such amount at the rate of 9% from November 30, 1979, until paid. Rule 434, TRCP. Costs of this appeal shall be assessed one-half to each party.

The judgment of the trial court is reformed and as reformed is affirmed.