**JIM WALTER HOMES, INC.,**
**Appellant,**

v.

**Ramon GONZALEZ, Appellee.**

**No. 04–83–00342–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 20, 1985.

Rehearing Denied March 15, 1985.

*Oxelgren,* 670 S.W.2d 411 (Tex.App.—Fort Worth 1984, no writ).

Thomas O. Matlock, Jr., Atlas & Hall, McAllen, for appellant.

John C. Mullen, Alice, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This case concerns alleged violations of the Texas Deceptive Trade Practices—Consumer Protection Act, TEX.BUS. & COM. CODE ANN. § 17.41, et seq., for defective construction of a house. The jury verdict, based on special issues, awarded appellee treble damages in the sum of $18,000.00; the court entered judgment accordingly.

The record indicates that appellee visited appellant's business premises and expressed an interest in buying a house. While there he saw their sample house and was shown pictures of other Jim Walter homes. Appellee selected from the photographs the model labeled "President" as the house he wanted constructed. Appellant thereafter contracted to build for appellee a ninety percent (90%) completed residential home. After the house was completed appellee discovered structural defects, including defects in the siding, floors, and roof.

■ Appellant initially complains that the trial court erroneously refused to submit to the jury his requested special issue on an alternate measure of damages: the difference between the value of the house as promised and as delivered. Specifically appellant wants the damages ascertained by "diminution in market value." Under the Deceptive Trade Practices Act, "actual damages are those recoverable at the common law." *Rotello v. Ring Around Products, Inc.*, 614 S.W.2d 455, 460 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). In cases concerning defective construction issues, Texas courts generally allow damages based on cost of repairs if repairs are feasible and do not involve economic waste. *Greene v. Bearden Enterprises, Inc.*, 598 S.W.2d 649, 652 (Tex.Civ. App.—Fort Worth 1980, writ ref'd n.r.e.). If the repair of the defects requires that the structure in whole or in material part be changed or would impair the structure as a whole, the proper measure of damages would be the difference in value of the structure as constructed and its value had it been constructed without defects. *Hutson v. Chambless*, 157 Tex. 193, 196–97, 300 S.W.2d 943, 945 (1957). However, where the repair of defects will not impair the structure as a whole, the remedial cost is the correct measure of damages. *Rogowicz v. Taylor & Gray, Inc.*, 498 S.W.2d 352, 354 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). More recently, the supreme court addressed this precise question in *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 164 (Tex. 1982), and declared that the remedial measure of contract damages applies only when the contractor has substantially complied with the contract; the difference in value measure is applicable where there has not been substantial compliance.

■ In this case, the record evidence establishes that appellant substantially complied with the contract. Appellee's house was constructed and completed for a total cost of $39,870.00. Robert Koimm, an architect, testified that all the defects could be repaired for a low of $9,889.00 and a high of $11,435.00, which was a fraction of the cost. Appellant's expert witness gave a lower estimate. The jury found that the sum of $5,000.00 was the reasonable cost of repairs necessary to restore the house to

the condition it was represented to be in. There was no issue requested or submitted on substantial compliance; however, appellant neither objected to the omitted issue nor requested findings on it. "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived." TEX.R.CIV.P. 279. Presumed findings provisions of this rule provide that *if no written findings are made, omitted issues are deemed to have been found by the court in such manner as to support the judgment. Harmes v. Arklatex Corp.,* 615 S.W.2d 177, 179 (Tex.1981). Additionally, the record in this case reflects that the repairs of the defects were feasible without impairing the structure in whole or in part and without incurring unreasonable expenses. Point of error one is overruled.

Secondly, appellant complains that there was no evidence, or insufficient evidence, that the representations were knowingly made. The standard for reviewing a no evidence point requires that we consider only the evidence favorable to the judgment and must sustain the judgment if there is evidence of probative force to support it. *Freeman v. Texas Compensation Insurance Co.,* 603 S.W.2d 186, 191 (Tex. 1980); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). In determining a question on the sufficiency of the evidence, we consider and weigh all the evidence in the case and set aside the judgment only if we conclude that it is clearly wrong and unjust. *In re King's Estate,* 150 Tex. 662, 665, 244 S.W.2d 660, 661 (1951).

A knowing misrepresentation is one made with actual awareness of the falsity, and "actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness." TEX.BUS. & COM.CODE ANN. § 17.45(9) (Vernon Supp.1985). In this case, appellant represented by contract that they would build, construct, and complete the house in question in a good, substantial, and workmanlike manner. Appellee's expert testified as to numerous incidents of substandard building materials and procedures used by appellant in violation of the Southern Building Standards Code. The Code sets out the minimum requirements for building construction. Appellee's expert witness testified that "any tradesman involved in building construction ... should be very familiar with these standards." A knowledge of industry standards as codified can be imputed to appellant, who is in the business of building houses.

This case was predicated on DTPA § 17.46(b)(7) which provides, viz:

(B) [T]he term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts:

\*     \*     \*     \*     \*     \*

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

It appears that the material misrepresentations made by appellant in the mechanic's lien contract were in violation of this section of the DTPA. *See Jim Walter Homes, Inc. v. Chapa,* 614 S.W.2d 838, 841–42 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). The same representations made in *Chapa, supra,* were made in the case at bar, i.e., "that the home would be built in a good, substantial, and workmanlike manner." In *Jim Walter Homes, Inc. v. Geffert,* 614 S.W.2d 843, 844–45 (Tex.Civ. App.—Corpus Christi 1981, writ ref'd n.r. e.), the court approved an award under the DTPA where the expert witness agreed that the construction of the house did not comply with local building codes. It is the prerogative of the fact finder to resolve any contradictions or inconsistencies in the testimony and to judge the credibility of the witnesses and the weight to be given their testimony. *Johnson v. Buck,* 540 S.W.2d 393, 401 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). As a general rule, a fact finder has implied findings power, and can make reasonable inferences and deductions from the direct or circumstantial evidence. *Harrison v. Harrison,*

597 S.W.2d 477, 485 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.).

■ Thus, we find sufficient probative evidence of knowing misrepresentation to support the jury findings and the judgment. Having reviewed the entire record, we conclude that the judgment is not so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. Point of error two is overruled.

■ Lastly, appellant contends that the trial court erroneously awarded total damages in excess of three times the actual damages. Appellant's argument is without merit. Under amended § 17.50(b)(1), more than treble damages in a DTPA action is possible. *Jim Walters Homes, Inc. v. Valencia,* 679 S.W.2d 29 (Tex.App.—Corpus Christi, 1984); D. BRAGG, P. MAXWELL & J. LONGLEY, TEXAS CONSUMER LITIGATION § 8.05 (2d ed. 1983). Section 17.50(b)(1), as amended effective August 27, 1979, provides in pertinent part, viz:

> [E]ach consumer who prevails may obtain ... the amount of actual damages found by the trier of fact. In addition the court shall award two times that portion of the actual damages that does not exceed $1,000.00. If the trier of fact finds that the conduct of the defendant was committed knowingly, the trier of fact may award not more than three times the amount of actual damages in excess of $1,000.00.

The jury in the instant case found that actual damages were $5,000.00, and that the conduct of appellant was committed knowingly. For special issue number five, they were told: "You are further instructed that you may not award more than three times the amount of actual damages in excess of $1,000.00." The jury awarded the sum of $11,000.00. The jury was authorized to treble the amount of actual damages that exceeded $1,000.00 which in this case would total to $12,000.00. The jury, however, in its discretion, awarded a lesser amount.

Thus it appears that appellee was awarded an amount less than the maximum award recoverable pursuant to § 17.-50(b)(1), *supra.* The third point of error is overruled.

The judgment is affirmed.

CADENA, Chief Justice, dissenting in part.

Appellant's complaint that the evidence does not support the award of treble damages is justified.

The actual damage suffered by appellee was $5,000.00. Under § 17.50(b)(1) of DTPA, appellee was entitled to receive an additional award of $2,000.00 (twice that portion of actual damages not exceeding $1,000.00), for a total award of $7,000.00.

In order to be entitled to an award of "three times the amount of actual damages," appellee had the burden of proving that appellant's conduct was committed "knowingly." The majority opinion refers to no testimony which even suggests that the representations were made with knowledge of their falsity.

The fact that actual awareness of falsity may be inferred where "objective manifestations indicate that a person acted with actual awareness," is, of course, true. But it is irrelevant in a case where, as here, there is no evidence of "objective manifestations" indicating such awareness. *See Mann v. Fitzhugh-Straus Medina Ranch,* 640 S.W.2d 367 (Tex.App.—San Antonio 1982, no writ).

There can be no question that it was represented that the house would be of a particular standard, quality or grade. The jury found that this representation was, in fact, false. But proof of a false, misleading or deceptive representation is not evidence that the representation was made with awareness that it was false, misleading or deceptive.

The majority opinion recites: "Thus, we find sufficient probative evidence of knowing misrepresentation to support the jury findings and the judgment." The only evidence set out in the opinion is that which shows that appellant represented that the house would be built in a good, substantial and workmanlike manner, that appellee re-

lied on such representation, and that the house was not built in a good, substantial and workmanlike manner.

Since the fact that a representation proved to be false is no evidence that it was made with knowledge of its falsity, there is no evidence to support the finding of a knowing misrepresentation.

Since appellee proved only a right to recover $7,000.00, the award of $18,000.00 was clearly error.