Sylvana BLANCO, Appellant,

v.

Cesar D. GRACIA, Appellee.

No. 13–88–080–CV.

Court of Appeals of Texas,
Corpus Christi.

March 16, 1989.

Janis Graham Jack, Corpus Christi, for appellant.

Amador C. Garcia, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

Appellant complains that the trial court reduced appellee's child support obligation and increased his visitation privileges. Because the trial court had not filed properly requested findings of fact and conclusions of law, as appellant's point five demonstrated, we abated the appeal, ordering the trial court to make and file findings and conclusions. They are now filed. Appellant has not shown inability to properly present the appeal caused by the judge's delay. See Anderson v. Smith, 635 S.W.2d 204, 206 (Tex.App.—Houston [1st Dist.] 1982, no writ). After examining appellant's complaints in light of the record, including the findings and conclusions, we overrule all of her points and affirm the trial court's order.

The trial court found as follows: In June, 1986, the trial court signed an order setting child support at $300 a month. At that time, appellee earned about $10.45 an hour.

On July 17, 1986, appellee filed a motion to reduce child support, claiming he was unemployed and receiving $203 a week. The court heard the motion on December 22, 1986, and denied it. On February 4, 1987, the Supreme Court of Texas adopted child support guidelines. On April 2, 1987, appellee filed a motion to modify to reduce child support (this suit), claiming earnings of $129.56 per week. It was heard on October 27, 1987, at which time appellee's net earnings were $125.45 a week, or $552 a month. Appellee provided health insurance for the child a a premium rate of $125 a month. For the support of one child, the guidelines authorize a maximum of $127 a month for an individual with the same net earnings as appellee. Appellee is willing to pay $125 a month. An increase in appellee's visitation and access does not physically or emotionally endanger the child.

By points one and two, appellant claims there was no evidence or insufficient evidence of a material and substantial change in circumstances to support the trial court's decrease of child support. Tex.Fam.Code Ann. § 14.08(c)(2) (Vernon Supp.1989).

Appellant contends that the evidence should have been limited to the circumstances after the December, 1986, order and complains of the admission of testimony concerning April, 1986.

The trial court could consider the circumstances from the time the previous amount of support was initially ordered to the time of the hearing on the motion in question to determine whether a material and substantial change had occurred. *See Phillips v. Phillips*, 695 S.W.2d 61, 63–4 (Tex.App.—San Antonio), *rev'd and remanded on other grounds*, 701 S.W.2d 651 (Tex.1985); *Strauss v. Strauss*, 619 S.W.2d 18, 19 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Moreland v. Moreland*, 589 S.W.2d 828, 829 (Tex.Civ.App.—Dallas 1979, writ dism'd); *Bradshaw v. Billups*, 587 S.W.2d 61, 62 (Tex.Civ.App.—Eastland 1979, no writ).

Our examination of the transcript shows that child support of $300 a month was set in February, 1984. The June, 1986, and December, 1986, orders merely contin-

ued the previous level of support. Thus, the trial court could consider any circumstances since February, 1984.

We review findings of fact for the sufficiency of the evidence to support them by the same standards we apply in reviewing jury answers to special issues. *See Baker v. Baker*, 719 S.W.2d 672, 674–75 (Tex.App.—Fort Worth 1986, no writ). In determining "no evidence" points, we consider only the evidence and inferences supporting the findings and disregard all contrary evidence and inferences. *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985); *International Armament Corp. v. King*, 686 S.W.2d 595, 597 (Tex. 1985); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If any evidence of probative force supports the finding, we must uphold it and overrule the point. *In re King's Estate*, 244 S.W.2d at 661–62.

An assertion that evidence is "insufficient" to support a finding can mean that the evidence supporting the finding is so weak or that the evidence to the contrary is so overwhelming that we should set aside the finding and order a new trial. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). We consider all of the evidence in making this determination. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986).

It is the prerogative of the fact finder to resolve any contradictions or inconsistencies in the evidence and to judge the credibility of the witnesses and the weight to be given their testimony. *Magcobar North American, A Division of Dresser Industries, Inc. v. Grasso Oilfield Services, Inc.*, 736 S.W.2d 787, 800 (Tex.App.—Corpus Christi 1987), *dism'd as moot*, 754 S.W.2d 646 (Tex.1988); *Jim Walter Homes, Inc. v. Gonzalez*, 686 S.W.2d 715, 718 (Tex.App.—San Antonio 1985, writ dism'd). The fact finder can make reasonable inferences and deductions from the direct or circumstantial evidence. *Magcobar*, 736 S.W.2d at 800; *Jim Walter Homes, Inc.*, 686 S.W.2d at 718; *Harrison v. Harrison*, 597 S.W.2d 477, 485 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.).

Additionally, we must presume that the trial judge disregarded any improperly received evidence. *City of Arlington v. Texas Electric Service Co.*, 540 S.W.2d 580, 584 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.).

Appellee submitted information on his income and expenses, including bank account records and his income tax form, along with his testimony. He testified that his father helped him when he was attending school, that his father died, and that he now must pay rent to his mother. Moreover, given the duration of appellee's decreased income, the trial court could conclude that the income reduction was not a short-term situation, but a genuine change in circumstances. Thus, the evidence is legally and factually sufficient. We overrule points one and two.

By points three and four, appellant contends that the trial court abused its discretion in modifying visitation, claiming the evidence was legally and factually insufficient to support a finding of a material or substantial change, or that the previous order had become unworkable, and that the pleadings were insufficient for failure to allege that the previous order had become unworkable.

We have examined the record and have found no written exception to the form or substance of the motion. Thus, appellant's complaint about the substance of the motion is waived. Tex.R.Civ.P. 90. Moreover, under Tex.R.Civ.P. 45 and 47, pleadings are sufficient if they give the opposing attorney fair notice of the claim involved. *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d 665, 666 (Tex.1981). We have examined appellee's First Amended Motion to Modify, filed May 15, 1987, and find that it does raise the visitation issue.

We have examined the evidence under the tests set out above. Appellee testified that he had not been able to afford to travel to see his child for weekend visitation, and had therefore last visited with the child in July. He also testified that under his work schedule, he worked until "5, sometimes 6:30" on Fridays, and that he was supposed to pick the child up from school under the previous arrangement. The evidence was legally and factually sufficient to support the conclusions that there was a material and substantial change in circumstances and that the previous order on visitation had become unworkable. We overrule points three and four.

We AFFIRM the trial court's order.