**CIMARRON DEVELOPMENT
CORPORATION, Appellant,**

v.

**Bernie DAUGHERTY, et al., Appellees.**

No. 13–89–333–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 31, 1989.

Stephen A. Fox, Houston, for appellant.

Kelly L. Newman, Houston, for appellees.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

Appellant, Cimarron Development Corporation, executed a promissory note for $50,000.00 for the benefit of its creditors, appellees Daugherty and Armstrong. The note was partial payment for appellant's repurchase of appellees' shares in appellant corporation. Appellant never made any payments on the note. Appellees sued to recover the principal amount of the note plus interest. Appellant alleged failure of consideration, failure of conditions precedent, usury and offset as affirmative defenses. The trial court, without a jury, granted judgment for appellees, the holders of the note. We affirm.

Appellant alleges by its first two points of error that the trial court erred in granting a judgment for the appellees because appellees had not performed all of the conditions precedent to properly collect on the note. Appellees were shareholders and employees of appellant corporation. Each appellee owned 25 percent of the outstanding shares in the corporation, which built condominium complexes. One of the condominium projects was named Cedar Creek.

In 1982, appellees decided to seek other opportunities and left appellant corporation. Appellant negotiated a repurchase of appellees' stock for $100,000.00. Appellees were paid $50,000.00 cash and received a promissory note for the remaining $50,000.00. Both parties testified there was a condition precedent to payment of the note. Before the note was payable, appellees were to complete the Cedar Creek project and obtain a certificate of substantial completion from the lender's architectural inspector. Once appellant received the certificate, the note would become enforceable. Appellees testified they completed the project and obtained the required completion certificate. Appellant's representative testified appellees left prior to the Cedar Creek project's completion, which forced appellant to perform the final construction necessary before it obtained the completion certificate.

The trial court made the following findings of fact: (1) appellees and appellant had entered into an agreement whereby appellees agreed to sell their shares of stock in the appellant corporation to appellant corporation for the sum of $100,000.00. (2) The purchase price for the stock was to be paid by $50,000.00 in cash and a promissory note in the sum of $50,000.00 bearing a 12 percent annual interest. (3) The prom-

issory note provided for equal principal payments plus accrued interest of $4,166.67. (4) These payments commenced April 8, 1982 and continued thereafter on the 8th day of each July, October, January and April, until January 8, 1985, whereupon the entire balance of both principal and interest became due and payable. (5) No payments were ever made by appellant Cimarron Development Corporation to appellees and the note was in default. (6) The promissory note in the principal amount of $50,000.00 was based upon the condition precedent that appellees would complete the Cedar Creek project and furnish appellant with a certificate of completion. (7) Appellees did complete the Cedar Creek project and furnished a certificate of completion to the appellant.

The Court of Appeals reviews findings of fact for the sufficiency of the evidence to support them by the same standards applied in reviewing jury answers to special issues. *Blanco v. Gracia*, 767 S.W.2d 896 (Tex.App.—Corpus Christi 1989, no writ); *Baker v. Baker*, 719 S.W.2d 672, 674–75 (Tex.App.—Ft. Worth 1986, no writ). The fact finder must resolve any contradictions or inconsistencies in the evidence and judge the credibility of the witnesses and the weight to be given their testimony. *Blanco*, 767 S.W.2d at 897, *Magcobar North American v. Grasso Oilfield Services, Inc.*, 736 S.W.2d 787, 800 (Tex.App.—Corpus Christi 1987), *dism'd as moot*, 754 S.W.2d 646 (Tex.1988); *Jim Walter Homes, Inc. v. Gonzalez*, 686 S.W.2d 715, 718 (Tex.App.—San Antonio 1985, writ dism'd). In considering a "no evidence", "insufficient evidence" or "against the great weight and preponderance of the evidence" point of error, we will follow the well-established test set forth in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); and Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev.

361 (1960). We find that the previously discussed facts support the trial court's findings of fact. Points one and two are overruled.

■ Appellant's third and final point of error alleges the trial court erred in failing to grant appellant an offset when such failure was against the great weight and preponderance of the evidence. Appellant alleged an offset as an affirmative defense to payment of the note and, therefore, had the burden to prove why an offset should be awarded. "Great weight" points require consideration of evidence tending to prove a fact as well as that evidence tending to disprove a fact. *Calvert*, 38 Texas L.Rev. at 366–68. If a judgment is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust, the appellate court may set the verdict aside and grant a new trial.

Here, appellant alleged (should the court find that the note was due and owing), that it should be entitled to an offset because appellees took appellant's money without permission. Appellees allegedly possess $27,000.00 of appellant's bank and insurance claim funds. Appellant's president testified that appellees removed $2,000.00 from appellant's La Grange Bank account, $9,000.00 from its FirstBank Houston, Hillcroft Branch, account, and took appellant's insurance claim check for sixteen thousand dollars. Appellant's witness, Karen Garven Davis, a former employee of appellees and appellant, stated she withdrew the insurance funds and gave them to appellees. She testified appellees took no money from La Grange Bank and that she was not familiar with the alleged FirstBank–Hillcroft transaction.

Appellee Daugherty testified both he and appellee Armstrong never received any funds from appellant corporation except salaries and payment for contracting jobs they performed for Cimarron Development construction projects. He and Armstrong testified the $16,000.00 in insurance proceeds was received for appellant's tractor and the money satisfied a bank note held on the tractor. Daugherty denied that Armstrong or he received any of the insur-

ance proceeds or any funds from the La Grange Bank.

As for the funds allegedly taken from the FirstBank–Hillcroft account, Armstrong testified that he neither wrote nor signed checks on that account. He believed the $9,000.00 from that account was used to finish appellant's La Grange construction project.

Appellant did not affirmatively show that it was unlawfully deprived of funds by appellees. Nor did appellant prove entitlement to an offset from the amount owed on the note. The trial court concluded as a matter of law that appellant was not entitled to an offset. We agree.

The judgment of the trial court is AFFIRMED.