Affirmed in Part, Reversed and Remanded in Part, and Opinion filed
February 9, 2006









 

Affirmed in Part,
Reversed and Remanded in Part,
and Opinion filed February 9, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00073-CV

____________

 

GREG HALL, AS
EXECUTOR OF THE ESTATE OF PRESTON L. HALL, Appellant

 

V.

 

HUBCO, INC., Appellee

 



 

On Appeal from the 215th
District Court

Harris County, Texas

Trial Court Cause No. 2002-55739

 



 

O P I N I O N








This is an appeal from a final judgment in
a breach of contract action brought by appellant Greg Hall, as Executor of the
Estate of Preston L. Hall, against appellee Hubco, Inc. involving Hubco=s failure to
remove hazardous waste from Hall=s property.  A jury found Hubco liable and awarded damages
and attorneys= fees, but the trial court granted in part
Hubco=s motion to
disregard certain jury findings and reduced the damages award.  Both parties appealed.  In eight issues, Hall claims the trial court
erred in disregarding jury findings based on allegedly unreliable expert
testimony, disregarding a jury finding regarding the decrease in market value
to his property, and failing to award attorneys= fees pursuant to
the parties= stipulation.  In three cross-issues, Hubco claims the first
of the two agreements at issue did not obligate it to remove hazardous waste,
the second agreement was not a contract as it lacked consideration, and the
trial court erred in refusing to instruct the jury on contract formation.  We conclude that the second agreement was not
supported by consideration and therefore reverse the trial court=s judgment to the
extent it found Hubco liable for breach of contract and awarded damages based
on this agreement.  We also conclude the
trial court erred in disregarding the jury=s finding
regarding the decrease in market value to Hall=s property.  We affirm the remainder of the trial court=s judgment.

                                                  Background

In his capacity as administrator of his
deceased father=s estate, Hall owned a piece of vacant
property containing a partially-excavated pit. 
Hall arranged for several construction businesses, including Hubco, to
dump their excess fill dirt in the pit, thus making the property more
marketable.

Hall and Hubco entered into a contract
dated November 24, 1988 (the ANovember agreement@) in which Hall
gave Hubco permission to dump Aclean fill dirt@ on the
property.  The November agreement also
required Hubco to grade and survey the property and, when its work was
complete, to Aclean and dress up the work area.@  The agreement expired February 28, 1999.








In February 1999, before the November
agreement expired, Hall visited the property and saw a black, tar-like
substance emanating from the soil.  Two
different companies took one sample each, and testing confirmed that the soil
contained hazardous waste.  Hall believed
that Hubco had dumped contaminated soil on his property and demanded that Hubco
remove it.  Hubco denied Hall=s allegation but
nonetheless agreed to remove the soil Aas a favor.@  A handwritten document dated June 3, 1999
(the AJune agreement@), signed by both
parties, states as follows:

[Hall] gives permission to [Hubco],
in regards to the subject property, to do in a timely manner the following:

$ 
Remove the tar-like waste substance from the southeast quadrant of the
property . . . 

$ 
After removal of all of the waste substance, areas that were dug up will
be filled in with clean fill dirt[.]

$  The waste substance properly disposed in
accordance with applicable local, state, and federal laws pertaining to the
disposal of hazardous waste.   

Several months later, Hubco removed the
contaminated soil but failed to dispose of it properly.  Hubco then returned the soil to Hall=s property, where
it remains.  Hall has taken the property
off the market because it is unmarketable with the waste present.

Hall sued Hubco for breach of the November
and June agreements.  The jury found that
the June agreement constituted an agreement for Hubco to remove and dispose of
the hazardous waste (question 1) and that Hubco breached both the June and
November agreements (questions 2 and 3). 
Based on expert testimony that removing and disposing of the waste would
cost $106,482.25, the jury awarded damages in that amount for breach of both
agreements (questions 4a, 4c, and 5a). 
The jury also awarded an additional $2,000 for breach of the June
agreement based on the estimated cost to fill areas excavated in the clean-up
process with clean soil (question 4b) and $8,000 for Hubco=s failure to grade
and survey the property under the November agreement (questions 5b and
5c).  The jury found the difference in
the market value of the property Aimmediately before
and immediately after the occurrence in question@ to be $165,000
(question 7) and the reasonable and necessary attorneys= fees for Hall=s attorney to be
$29,750 plus $15,000 for various stages of appeals (question 6).








Hubco moved to disregard the jury=s findings on questions
1 and 5a.  The trial court granted the
motion in part and entered judgment on October 28, 2004.  The court disregarded the items of the jury=s damages award
based on expert testimony of the clean-up costs (questions 4a, 4c, and 5a) and
the question determining the decrease in market value (question 7).  The court awarded the remaining items of
contract damages the jury found (questions 4b, 5b, and 5c) for a total of $10,000,
jury=s award of
attorneys= fees, and pre- and post-judgment
interest.  This appeal followed.

                                                      Analysis

                                               Standard
of Review

A trial court may disregard a jury finding
only if there is no evidence to support the finding or if the issue is
immaterial.  Spencer v. Eagle Star
Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994); Harris County v.
Gibbons, 150 S.W.3d 877, 885 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  A question is
immaterial when it should not have been submitted or was properly submitted but
has been rendered immaterial by other findings. 
Salinas v. Rafati, 948 S.W.2d 286, 288 (Tex. 1997); Gibbons,
150 S.W.3d at 885.  When the trial court=s ruling on a
motion to disregard is based on a legal issue, we review the ruling de
novo.  Houston Lighting & Power
Co. v. City of Wharton, 101 S.W.3d 633, 638 (Tex. App.CHouston [1st
Dist.] 2003, pet. denied).

                                               Contract
Formation

Hubco asserts in its first cross-issue
that the trial court erred in denying its motion to disregard the jury=s finding on
question 1 because, as a matter of law, the June agreement did not constitute a
contract.  A contract that lacks
consideration is unenforceable.  Sudan
v. Sudan, 145 S.W.3d 280, 285 (Tex. App.CHouston [14th
Dist.] 2004, pet. filed).  What
constitutes consideration is a question of law. 
Id.  Consideration can be
either a benefit to the promisor or a detriment to the promisee.  Id. 









The June agreement merely states that AHall gives
permission to [Hubco]@ to remove and dispose of the soil
containing hazardous wastes and to replace it with clean fill dirt.  The face of the agreement reflects no
detriment to Hall or benefit to Hubco. 
Hall argues in his brief that A[w]ithout the
agreement, Hubco had no right to go onto the property,@ but there is no
evidence that Hubco needed or desired to go onto the property except to clean
it as Hall demanded.  At oral argument,
Hall asserted that Hubco needed the agreement so it could park its equipment on
his land during nearby construction work, but Hall admitted Hubco was no longer
using his land for that purpose at that time. 
Further, Hall=s statement contradicts the plain language
of the agreement, which gives Hubco permission to enter the property for
specified reasons, none of which include parking its equipment.  Such parol evidence is inadmissible to
contradict, vary, or add to the terms of an unambiguous written agreement.  In re H.E. Butt Grocery Co., 17 S.W.3d
360, 369 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  Though also not in his brief, Hall stated at
oral argument that Hubco received a benefit because it entered the June
agreement to avoid a lawsuit by Hall. 
However, this alleged additional consideration is not in the agreement,
and parol evidence cannot be used to prove another promise not contained in the
contract.  See Liu v. City of San
Antonio, 88 S.W.3d 737, 742B43 (Tex. App.CSan Antonio 2002,
pet. denied) (refusing to consider parol evidence of consideration for an
alleged contract); Boy Scouts of Am. v. Responsive Terminal Sys., Inc.,
790 S.W.2d 738, 744 (Tex. App.CDallas 1990, writ
denied) (A[P]arties cannot circumvent the parol
evidence rule by contending that missing promises constitute additional
consideration.@); Saunders v. Alamo Soil Conservation
Dist., 545 S.W.2d 249, 252 (Tex. Civ. App.CSan Antonio 1976,
writ ref=d n.r.e.) (A[I]t is not
permissible to prove by parol additional consideration in the form of promises
not contained in the instrument.@).








The face of the June agreement reflects
neither a benefit to Hubco nor a detriment to Hall.  We therefore conclude, as a matter of law,
that the June agreement was not a contract because it lacked consideration.  Thus, the trial court erred in refusing to disregard
the jury=s finding to
question 1 as the question should not have been submitted.  See Salinas, 948 S.W.2d at 288;
Gibbons, 150 S.W.3d at 885.  We
sustain Hubco=s first cross-issue.  Because we conclude the June agreement was
not a contract, we modify the judgment to strike the $2,000 damages award for
breach of the June agreement.  We need
not address Hall=s first, fourth, and seventh issues to the
extent he complains the trial court erred in disregarding the jury=s damages findings
relating to breach of the June agreement. 
Nor do we address Hubco=s alternative argument
in its first cross-issue that the June agreement is also unenforceable because
Hubco added additional material terms before signing.

In its third cross-issue, Hubco argues
that the trial court erred in refusing to instruct the jury on the law of contract
formation.  It is unclear if this issue
pertains to the June or November agreement. 
To the extent it relates to the June agreement, we need not consider
this argument because we have already determined the agreement is unenforceable
as a matter of law.  To the extent it
relates to the November agreement, Hubco failed to preserve this issue for
appeal because he did not offer his proposed instruction in writing.  See Tex.
R. Civ. P. 278; Willis v. Donnelly, 118 S.W.3d 10, 29 (Tex. App.CHouston [14th
Dist.] 2003, pets. granted); Jarrin v. Sam White Oldsmobile Co., 929
S.W.2d 21, 25 (Tex. App.CHouston [1st Dist.] 1996, writ
denied).  We overrule Hubco=s third
cross-issue.

                                         Expert
Damages Testimony

In question 5a, the jury awarded Hall
$106,482.25 in damages for Hubco=s failure to A[c]lean[] the work
area@ under the
November agreement.  This is the exact
amount that Hall=s expert, Scott Leafe, testified it would
cost to remove and properly dispose of the hazardous waste.  The trial court disregarded the jury=s finding on the
basis that Leafe=s conclusions were unreliable because they
were based on inadequate data and therefore constitute no evidence to support
the jury=s verdict.  See Kerr-McGee Corp. v. Helton,
133 S.W.3d 245, 254 (Tex. 2004) (stating that unreliable expert evidence
amounts to no evidence).








The proponent of scientific or technical
evidence bears the burden of demonstrating that the expert=s opinions are
reliable.  Id.  This reliability requirement focuses on the
principles, research, and methodology underlying an expert=s conclusions.  Exxon Pipeline Co. v. Zwahr, 88 S.W.3d
623, 629 (Tex. 2002).  Under this
standard, expert testimony is unreliable if it is not grounded in the methods
and procedures of science and is no more than subjective belief or unsupported
speculation.  Kerr-McGee, 133
S.W.3d at 254 (quotation marks omitted). 
Expert testimony is also unreliable if there is A>too great an
analytical gap between the data and the opinion proffered.=@  Id. (quoting Gammil v. Jack
Williams Chevrolet, Inc., 972 S.W.2d 713, 726 (Tex. 1998)).

In his second issue, Hall argues that the
trial court erred in disregarding the jury=s answer to
question 5a because Leafe=s opinions were reliable and therefore
sufficient evidence to support the jury=s finding.  Leafe testified that sampling soil to
determine the amount and type of toxicity is critical in calculating the cost
to remove and dispose of the waste and that his estimates were based on the two
samples taken in 1999.  However, Leafe
also stated that many more soil samples should have been taken and that, given
the large amount of potentially contaminated soil on the property, two samples
were not enough to make a proper determination of contamination levels.  Though Leafe said he made the best cost
estimate he could based on the two samples, he repeatedly admitted he could not
accurately determine the cost of waste removal and disposal with such limited
data.  Based on this testimony, we
conclude the trial court properly determined that Leafe=s opinions were
unreliable.  As such, his testimony
constituted no evidence of the cost of waste removal and disposal.  See id. at 255B58 (finding expert=s damages
testimony incompetent because he had insufficient factual basis for his
conclusions).  Because the jury
relied on that evidence in awarding damages under question 5a, there was no
evidence to support the jury=s finding, and the
trial court properly disregarded it.  See Spencer, 876 S.W.2d at 157; Gibbons,
150 S.W.3d at 885.  We overrule Hall=s second issue.








In his fifth issue, Hall argues that even
if Leafe=s opinions were
unreliable, the trial court erred in disregarding them because Hubco waived any
objection to the reliability of Leafe=s testimony.  When, as here, a party challenges the data
underlying an expert=s conclusions, a timely objection is
required to preserve a no-evidence challenge to any finding on which they are
based.  See Coastal Transp. Co. v.
Crown Cent. Petroleum Corp., 136 S.W.3d 227, 233 (Tex. 2004).

Hubco made no pretrial expert
challenges.  Rather, when Hall offered
Leafe=s report into
evidence during Leafe=s trial testimony, Hubco objected as
follows:

[Defense
Counsel]: Your Honor, we would
object.  We would object.  An adequate predicate hasn=t been laid.  Yes, business record predicate, personal
knowledge.  But this contains opinions
that the witness in his deposition testified he didn=t have sufficient information to
provide.

First of all, there is a relevance
problem with this.  This is what he would
bid to do the job without knowing what=s actually out there.

The Court:             The relevance objection is
overruled.

[Defense
Counsel]: Okay.  Your honor, Mr. Leafe testified in his
deposition that he does not know what the cost to remove this dirt would be
because he would have to do sampling.  He
hasn=t done sampling and C

The Court:             . . . All I need is a legal
objection.  I don=t need cross-examination in your
argument.

[Defense
Counsel]: Your Honor, the objection is the
proper predicate hasn=t been laid.  This is based on invalid data that would
support the conclusions therein.

The Court:             The
objection=s overruled.   








Hall argues that Hubco=s objection did
not specifically raise the issue of reliability and was therefore insufficient
to preserve error.  See Tex. R. App. P. 33.1(a).  Though Hubco did not specifically mention
reliability, its objection clearly states that Leafe did not do sampling and
that his conclusions were based on invalid data.  This objection is sufficiently specific to
raise the issue of the reliability of Leafe=s opinions and
allow the trial court to make an informed ruling, and thus it preserves
error.  See McKinney v. Nat=l Union Fire Ins.
Co. of Pittsburgh, Pa., 772 S.W.2d 72, 74 (Tex. 1989).  Hall also argues that Hubco failed to object
again six pages later in the transcript when Leafe reiterated his ultimate
conclusion as to the clean-up cost. 
However, Hubco=s objection at the beginning of Leafe=s testimony is
sufficient to preserve error.  See Kerr-McGee,
133 S.W.3d at 252; Guadalupe-Blanco River Auth. v. Kraft, 77 S.W.3d 805,
807 (Tex. 2002).  We overrule Hall=s fifth issue.[1]

                                             Market
Value Damages

In question 7, the jury found the
difference in the market value of the property Aimmediately before
and immediately after the occurrence in question@ to be $165,000,
presumably based on Hall=s testimony that the property was worth
$160,000B$200,000 and that
he had taken the property off the market because it is unmarketable with the
waste present.  In its judgment, the
trial court disregarded this finding, stating in a footnote that AQuestion 7 was
disregarded because of a defective charge related solely to the damages sought
by that question.@  In
issues three, six, and part of seven, Hall argues that the trial court erred in
disregarding the jury=s answer to question 7.  We agree.

We cannot discern the exact basis for the
trial court=s decision to disregard the jury=s answer to
question 7.  If the trial court deemed
question 7 erroneously worded, Hall correctly argues it was improper to
disregard it on this basis because Hubco waived any error by failing to object
to its wording.  See F.S. New Prods.,
Inc. v. Strong Indus., Inc., 129 S.W.3d 606, 624B25 (Tex. App.CHouston [1st
Dist.] 2004, pet. granted).  Hubco does
not dispute this but instead argues that an objection was unnecessary because
the question was immaterial.








Generally, a trial court may disregard a
jury finding based on a lack of evidence only in response to a motion, but a
trial court can sua sponte disregard a jury=s answer to an
immaterial question.  See Tex. R. Civ. P. 301; Anderson,
Greenwood & Co. v. Martin, 44 S.W.3d 200, 216B17 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied); Lamb v. Franklin, 976 S.W.2d 339, 343 (Tex.
App.CAmarillo 1998, no
pet.).  A question is immaterial when it
should not have been submitted or was properly submitted but has been rendered
immaterial by other findings.  Salinas,
948 S.W.2d at 288; Gibbons, 150 S.W.3d at 885.  Our record does not reflect that any motion
to disregard the jury=s answer to question 7 was ever made,[2]
and thus we must determine if the jury=s answer to
question 7 was material.








Hubco argues that market damages were
unavailable as a matter of law and thus the jury=s answer to
question 7 was immaterial, citing Holland v. Wal-Mart, 1 S.W.3d 91 (Tex.
1999).[3]  In that case, Wal-Mart argued for the
first time in a post-verdict brief that attorneys= fees were not
available under the applicable statute and thus requested that the trial court
disregard the jury=s determination of the amount of attorneys= fees.  Id. at 93.  The Texas Supreme Court held that Wal-Mart
could properly raise the issue for the first time post-verdict because the jury=s award of
attorneys= fees was immaterial to the legal issue of
whether attorneys= fees were statutorily available.  Id. at 94.

Holland does not control
here for two reasons.  First, unlike
here, the record in Holland showed the defendant actually made a
post-verdict request to disregard the answer. 
Second, Holland concerned whether a particular statute provided a
remedy as a matter of law.  However,
when, as here, damage to real property is involved, the correct measure of
damages is a fact-specific inquiry.  If
repair is feasible and does not cause economic waste, then the plaintiff may
recover the cost of repair; otherwise, the plaintiff is entitled to the
decrease in market value caused by the injury.[4]  See Coastal Transp. Co., 136
S.W.3d at 235 (holding that market value damages were unavailable because cost
to rebuild damaged property was significantly less than decrease in market
value caused by damage); Samuel v. KTVU P=ship, No.
08-02-00010-CV, 2003 WL 22405384, at *1 (Tex. App.CEl Paso Oct. 22,
2003, pet. denied) (mem. op.) (ATexas courts have
recognized that the proper measure of damages when the injury to realty is
repairable is the reasonable cost of repairs necessary to restore the property
to its prior condition.@); Jim Walter Homes, Inc. v. Gonzalez,
686 S.W.2d 715, 717 (Tex. App.CSan Antonio 1985,
writ dism=d) (noting that ATexas courts
generally allow damages based on costs of repairs if repairs are feasible and
do not involve economic waste@).  Thus, unlike in Holland, the
availability of the damages at issue depends on the proof adduced at
trial.  The trial court must act pursuant
to a written motion to properly disregard a jury finding on such an issue.  See Martin, 44 S.W.3d at 216B17; Lamb,
976 S.W.2d at 343.








Hubco also argues that question 7 was
defective as a matter of law because it was not linked to any liability
finding.  Hubco is mistaken; question 7
is specifically predicated on an affirmative answer to questions 2 and 3, which
ask whether Hubco failed to comply with the June and November agreements.  Hubco further contends that market value
damages could not be awarded for breach of the agreements in this case because
no term obligated Hubco to restore market value.  Hall did not object to question 7 on this
basis in the trial court, and thus any such argument is waived.  See F.S. New Prods., 129 S.W.3d at 624B25.

We sustain Hall=s sixth and
seventh issues to the extent that he argues the trial court erred in
disregarding question 7 when Hubco had not requested that relief and had waived
any objection to the wording of that question. 
We need not address Hall=s third issue in
which he asserts additional reasons the trial court erred in disregarding the
jury=s answer to
question 7.

                                                  Attorneys= Fees

Hall=s trial attorney,
Stephen J. Cavanaugh, was his second attorney. 
Before hiring Cavanaugh, Hall hired attorney Gerald Higdon and paid him
$8,360 in legal fees.  At trial, the parties
stipulated that $8,360 was a reasonable and necessary fee for Higdon=s services and
that if the jury found Hubco liable on either the November or June agreement,
$8,360 would be added to the damages award. 
Cavanaugh testified at trial as to his reasonable and necessary fees in
the amount of $28,850, and the jury awarded $29,750 in attorneys= fees plus
additional fees for various levels of appeals. 
The final judgment, entered over eight months after the stipulation and
verdict, included attorneys= fees in the exact
amount found by the jury.  In his eighth
issue, Hall argues the trial court erred in failing to include the stipulated
attorneys= fees in the final judgment.








Hall has not preserved this issue for
review.  Rule 33.1 of the Texas Rules of
Appellate Procedure requires a party to make an objection specific enough to
call the trial court=s attention to the specific error alleged
to preserve the issue for appellate review. 
See Tex. R. App. P. 33.1(a).  Hall contends that he Aspecifically added
this amount in the Judgment he proposed.@  However, Hall merely requested a total amount
of non-appellate attorneys= fees of $38,410
without explaining the basis for this figure. 
While a motion for entry of judgment generally preserves error when the
trial court awards less than requested, Elliott v. Kraft Foods N. Am., Inc.,
118 S.W.3d 50, 55 (Tex. App.CHouston [14th
Dist.] 2003, no pet.), we do not believe this rule applies when the movant is
claiming error on appeal based on a specific calculation error never pointed
out to the trial court.  Hall never
specifically requested additional attorneys= fees based on the
stipulation, either in his motion for entry of judgment or in his motion for
new trial (which made no complaint about attorneys= fees), and thus
he never provided the trial court an opportunity to correct this alleged
error.  We therefore conclude Hall has
waived any error on this issue.








Even assuming Hall preserved error, his
argument lacks merit.  We will not
disturb a trial court=s award of attorneys= fees absent an
abuse of discretion.  Cole Chem. &
Distrib., Inc. v. Gowing, No. 14-03-01092-CV, __ S.W.3d __, 2005 WL 692202,
at *4 (Tex. App.CHouston [14th Dist.] Mar. 15, 2005, no
pet.).  A stipulation constitutes some
evidence of the reasonableness of requested attorneys= fees.  See Sanchez-O=Brien Oil &
Gas Corp. v. Austin Res. Corp., No. 14-96-00240-CV, 1998 WL 322686, at
*7 (Tex. App.CHouston [14th Dist.] June 18, 1998, pet.
denied) (not designated for publication) (AA stipulation to
the reasonableness of attorney=s fees amounts to
some evidence to support their award.@); Jackson v.
Barrera, 740 S.W.2d 67, 68B69 (Tex. App.CSan Antonio 1987,
no writ) (holding that stipulation was Asome evidence@ to support an
award of attorneys= fees). 
However, the trial court is not bound by even uncontroverted attorneys= fees evidence and
may award less than requested.  See
Cole, 2005 WL 692202, at *4 (finding no abuse of discretion when the
trial court awarded less attorneys= fees than the
range testified to by both parties= experts); Nat=l Mar-Kit, Inc. v.
Forrest, 687 S.W.2d 457, 460 (Tex. App.CHouston [14th
Dist.] 1985, no writ) (noting that A[a] court is not
mandated to award attorney=s fees equal to
those testified to at trial,@ even when that
testimony is uncontroverted).  Further,
the trial court awarded Hall nearly three times the total damages award in
attorneys= fees. 
See Cole, 2005 WL 692202, at *4 (noting that amount recovered is
a factor in determining reasonableness of attorneys= fees).  For these reasons, we cannot say the trial
court abused its discretion in its attorneys= fees award to
Hall.  We overrule Hall=s eighth issue.

                                                   Conclusion

We hold that the
trial court erred in denying Hubco=s motion to
disregard the jury=s finding on question 1 because the June
agreement was not supported by adequate consideration.  Thus, the trial court=s judgment
awarding damages based on breach of this agreement was erroneous.  We also hold that the trial court erred in
disregarding the jury=s answer to question 7 because Hubco
waived any objection to the wording of the question and because our record does
not reflect any motion to disregard this finding.  We reverse the trial court=s judgment and
remand for a redetermination of the amount to be awarded to Hall consistent
with this opinion, including pre- and post-judgment interest.  We affirm the remainder of the trial court=s judgment.

 

 

/s/      Leslie
Brock Yates

Justice

 

 

Judgment
rendered and Opinion filed February 9, 2006.

Panel consists
of Chief Justice Hedges and Justices Yates and Anderson.











[1]  We need not
address Hubco=s second cross-issue, which is predicated on
reinstating the jury=s finding on question 5a.





[2]   Hubco=s motion to disregard jury findings and its first and
second supplements to this motion requested only that the trial court disregard
the jury=s findings on questions 1 and 5a.  These documents make no mention of question 7
or market value damages.  At oral
argument, Hubco=s counsel stated that he had filed a motion to
disregard the jury=s answer to question 7.  After argument, we ordered the parties to
supplement the record on appeal to include A[a]ll
post-verdict briefing from both parties regarding entry of judgment or
requesting modification of the jury=s
verdict@ and cautioned that A[i]f the
clerk=s record is not 
properly supplemented as ordered, the court may be unable to determine
whether the parties= issues relating to the trial court=s entry of judgment have been preserved for our
review.@  The parties
did supplement the record, but it appears that not all requested briefing was
included.  Based on what was included, we
can determine that the parties engaged in some briefing regarding the propriety
of market value damages, but the record contains no actual request for the
trial court to disregard the jury=s
finding on question 7.  Hubco argues in
its brief that its request for entry of judgment on some questions is an
implicit request to disregard all other questions.  We reject this argument.  Any such implicit request was not
sufficiently specific to comply with Texas Rule of Appellate Procedure
33.1(a).  See Wal-Mart Stores, Inc. v.
McKenzie, 997 S.W.2d 278, 280 (Tex. 1999).





[3]  Hubco does not
argue that the answer to question 7 was rendered immaterial by the jury=s answers to any other questions.





[4]  These are general
damages principles that apply in a variety of cases involving damage to real
property, including breach of contract, nuisance, negligence, landlord/tenant
disputes, and deceptive trade practices. 
See Coastal Transp. Co., 136 S.W.3d at 235 (negligence); Samuel,
2003 WL 22405384, at *1 (breach of contract); Z.A.O., Inc. v. Yarbrough
Drive Ctr. Joint Venture, 50 S.W.3d 531, 547 (Tex. App.CEl Paso 2001, no pet.) (landlord/tenant); North
Ridge Corp. v. Walraven, 957 S.W.2d 116, 119 (Tex. App.CEastland 1997, pet. denied) (nuisance); Jim Walter
Homes, 686 S.W.2d at 717 (deceptive trade practices).